**Evelyn E. McMAHON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 2151.

United States District Court
D. Rhode Island.
April 1, 1959.

John P. Cooney, Jr., Providence, R. I.; Joseph B. Buckley, Ansonia, Conn., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and William F. Kolbe, Attys., Dept. of Justice, Washington, D. C., Joseph Mainelli, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for defendant.

DAY, District Judge.

In this action the plaintiff, widow of one Patrick S. McMahon, seeks to recover a sum of money paid to satisfy the income tax liability of the decedent for the years 1946 and 1947, which taxes were due and owing by him at the time of his death on June 20, 1953. Said sum was paid out of the proceeds of insurance policies on the decedent's life, which policies designated the plaintiff as the beneficiary. The plaintiff herein asserts that said sum was "wrongfully collected" by the District Director within the meaning

of Sec. 7422(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7422(a).

The material facts were stipulated by the parties, and may be summarized as follows. On June 26, 1941, the decedent purchased from The Lincoln National Life Insurance Company three policies of insurance on his life, namely, (1) policy No. 652022 in the sum of $5,000; (2) policy No. 652023 in the sum of $5,000; and (3) policy No. 672888 in the sum of $10,000. In each of said policies Margaret T. McMahon, his mother, was designated as beneficiary, with the right reserved to him to change the beneficiary at will; on October 25, 1943, he exercised this right and designated the plaintiff, if living at his death, as beneficiary, reserving the right of revocation subject to the terms and conditions of the policies. Subsequently, on February 7, 1949, he further changed the beneficiary by designating the plaintiff, if living at his death, otherwise his son, Patrick S. Mc-Mahon IV, if then living, with right of revocation subject to the terms and conditions of the policies.

It further appears that Patrick S. Mc-Mahon became indebted to the United States for unpaid income taxes for the taxable year 1946 in the amount of $5,-002.85, together with accrued interest of $1,924.02, which amounts were duly assessed against him in August 1947, and this assessment list was received by the appropriate Collector of Internal Revenue during the same month. For the taxable year 1947 he also became indebted to the United States for unpaid income taxes in the amount of $369, which amount was duly assessed, together with interest thereon of $119.33 and a lien fee of $2, in April 1948, the assessment list being received by the appropriate Collector of Internal Revenue during the same month.

On November 14, 1952, notice of federal tax liens on account of the tax deficiencies above set forth was filed with the Town Clerk of New Britain, Connecticut, in which place the said Patrick S. McMahon then resided. On November 18, 1952, these income tax liens were filed with the home office of The Lincoln National Life Insurance Company, located at Fort Wayne, Indiana, against the aforesaid insurance policies.

Patrick S. McMahon died on June 20, 1953. Subsequent thereto the Internal Revenue Service requested The Lincoln National Life Insurance Company to pay, out of the proceeds of said policies, the full amount of the said income tax claims against Patrick S. McMahon, together with interest and costs. The plaintiff, as the beneficiary of said policies, demanded full payment of their proceeds, which was refused by The Lincoln National Life Insurance Company unless and until the tax liens were released.

Thereafter, on August 14, 1953, the plaintiff authorized the insurance company to pay to the United States the sum of $7,410.23, the full amount of the claims against the said Patrick S. Mc-Mahon, and to deduct the same from the said proceeds; this payment was made on August 19, 1953.

No assessment of said taxes was ever made against the plaintiff as a transferee of Patrick S. McMahon, nor was any action ever instituted against her claiming that she was a transferee of the said Patrick S. McMahon within the meaning of the Internal Revenue laws.

Subsequently, on February 14, 1955, the plaintiff, by her attorney, filed with the District Director of Internal Revenue at Hartford, Connecticut, claims for the refund of $7,410.23, said claims being dated February 11, 1955; they were accompanied by a letter from the plaintiff's then attorney, dated February 11, 1955, which read in part as follows:

"Transmitted herewith in duplicate is Treasury Dept. form #843 entitled Claim together with a Power of Attorney from Evelyn E. Mc-Mahon appointing the undersigned as her agent and attorney.

"These documents are submitted in connection with Income Tax alleged to be owed by Patrick S. Mc-Mahon, deceased, formerly of 59 Lincoln Street, New Britain, Con-

necticut. It appears that Mr. McMahon's taxes or part thereof, for the years 1946 and 1947 were not paid at the time of his death. To satisfy this obligation a lien * * * Income 1516 * * * was filed in New Britain on May 7, 1953 attaching the proceeds of three insurance policies with Lincoln National Life Insurance Company. The widow of the deceased who is also the beneficiary of the policies, caused the tax to be paid and attachments released on 7 August, 1953. This claim is made to recover the monies paid by Mrs. McMahon. Because of expiration of the two year limitation period in August it is requested that you review the completeness of the claim and the capacity of Mrs. McMahon to submit a claim under this form. I would appreciate your acknowledgment of the receipt of this letter and your comments concerning any additional information needed or forms required."

The claims transmitted with the foregoing letter set forth that refunds were sought for income taxes illegally and erroneously collected for the years 1946 and 1947 respectively. They also recited that said taxes were "paid by discharge of tax lien Aug. 7, 1953". As ground for allowance thereof the claims stated in part:

"Beneficiaries here were not transferees of insurance proceeds, since such amount was not property of decedent prior to his death. Beneficiaries were only transferees of cash surrender value of policies since only this amount was subject to decedent's power of withdrawal during his lifetime. Fact that beneficiaries are liable as transferees to extent of entire proceeds in satisfaction of decedent's estate tax liability is irrelevant. That liability is specifically created under Sec. 827 (b) of 1939 Code [26 U.S.C.A. § 827 (b)] and does not pertain to collection of income taxes. Rowen v. Comm., 2 Cir., Sept. 9, 1954 [215 F. 2d 641]."

Each claim was signed by plaintiff's then attorney as "attorney in fact for Evelyn McMahon, widow of deceased, beneficiary of the insurance and payer of the tax".

Under date of April 18, 1955, the District Director by direction of the Commissioner of Internal Revenue notified plaintiff's attorney by registered mail that the "Claim for refund of Income Tax for Patrick S. McMahon for the year 1946" was disallowed. No reason for the disallowance was stated in the notice. On the same date he forwarded a like notice in identical language to said attorney disallowing plaintiff's claim for the taxes paid by plaintiff for the year 1947. Here again, no reason was given for the disallowance of her claim.

The defendant contends that this Court is without jurisdiction to grant the plaintiff any relief because (1) the United States has not consented to be sued under the provisions of Title 28 U.S.C.A. § 1346(a)(1) by any person except a person against whom a tax has been assessed; and (2) even if the plaintiff has standing to maintain this action, there is a fatal variance between the grounds for relief stated in the complaint and those stated in the claims for refund filed by the plaintiff.

■ Although the complaint alleges that the jurisdiction of this Court over this controversy exists under the provisions of 28 U.S.C.A. § 1332, it is manifest from the allegations of the complaint that she seeks relief under 28 U.S.C.A. § 1346(a)(1), and the parties in their respective oral arguments and briefs have recognized and argued this matter from that viewpoint. Plaintiff's action should not fail merely because she has relied upon the wrong statutory provision in her pleading, if her complaint states facts upon which she is entitled to relief. Broadway Open Air Theatre, Inc. v. United States, 4 Cir., 1953, 208 F.2d 257.

The provisions of said Sec. 1346(a)(1) are in material part as follows:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * * "

In support of its contention that the plaintiff has no standing to maintain this action, the defendant contends that the right to bring a suit for a refund of taxes is limited by the provisions of Sec. 7422(a) of the Internal Revenue Code of 1954, and that this plaintiff is not a "taxpayer" within the meaning of that section, which provides:

"(a) No suit prior to filing claim for refund—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

It argues that when Congress made provision for the recovery of any sum alleged to have been "excessive", it meant that the sum collected was in excess of the amount owed and that no one except the person owing it (against whom it was assessed) can raise this contention; and the defendant further argues that the provisions for recovery of any sum "wrongfully collected" is limited to the same person who might allege that it was excessive. Hence it concludes that the plaintiff was not a "taxpayer" within the meaning of the aforesaid provisions, and that she has no standing to maintain an action thereunder.

■ I do not believe that the remedial provisions of Sec. 7422(a) should be so narrowly construed. The word "taxpayer" should not be deemed to include only a person against whom a tax has been assessed; on the contrary, it should be construed so as to include any person who in fact paid the tax, if such payment was not voluntarily made. In United States v. Updike, 1930, 281 U.S. 489, at page 494, 50 S.Ct. 367, at page 369, 74 L.Ed. 984, the Supreme Court said:

"Indeed, when used to connote payment of a tax, it puts no undue strain upon the word 'taxpayer' to bring within its meaning that person whose property, being impressed with a trust to that end, is subjected to the burden. Certainly it would be hard to convince such a person that he had not paid a tax."

■ In the present case there is no basis for concluding that the payment to the District Director which was authorized by the plaintiff was not involuntary. While in a limited sense the money was "voluntarily paid", it is abundantly clear that it was not paid by the plaintiff as a donation for the benefit of her late husband, the tax debtor. See United States v. Halton Tractor Company, 9 Cir., 1958, 258 F.2d 612; Parsons v. Anglim, 9 Cir., 1944, 143 F.2d 534, 154 A.L.R. 153; Thompson v. Deal, 1937, 67 App.D.C. 327, 92 F.2d 478.

If the money herein sought to be recovered was wrongfully collected from the plaintiff, she is entitled to recover it although she was not the person against whom the taxes paid thereby had been assessed. United States v. Halton Tractor Company, supra; Fecarotta v. United States, D.C.Ariz.1956, 154 F. Supp. 592; Royal Indemnity Co. v. Board of Education of Moore County, D.C.N.C.1956, 143 F.Supp. 782; cf. Parsons v. Anglim, supra.

In United States v. Halton Tractor Company, supra, the plaintiffs sued to recover money which they had paid to secure the release of certain equipment sold by them under conditional sale contracts. The Government had seized the said equipment under a tax lien against the conditional purchaser, and was planning to sell it to satisfy his tax indebtedness. In affirming a judgment in favor of W. E. Durston, Inc., one of the plaintiffs, the Court said at page 615 of 258 F.2d:

> "It is also clear that Durston's interest in the equipment was at all times superior to the Government's claim of lien. Its rights stem from the conditional sales contract of March 13, 1947, and the Government's tax lien could not apply prior to its filing on September 16, thereafter. When Durston paid the $3900, it paid a sum for which it was in no manner responsible and which it was not required to pay in order to enforce its own claim against the property. To this extent this was a sum the Collector had 'wrongfully collected' within the meaning of Sec. 3772(a)(1), Int. Rev.Code, 1939 * * *"

In the present case the District Director imposed a lien upon the entire proceeds of said life insurance policies and claimed that the Government's lien for the entire tax indebtedness of the decedent was superior to the rights of the plaintiff as the beneficiary of said policies. Apparently the District Director took the position that the proceeds of the policy, although payable only after his death, belonged to the decedent. In this stand he was clearly in error. In United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, decided after the institution of this action, the Supreme Court held that an insured, under a policy of life insurance the proceeds of which are reducible to possession by another only upon the insured's death, did not have "property" or "rights to property" in the proceeds within the meaning of Section 3670 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3670, to which a federal tax lien might attach. But with respect to the cash surrender value of the policy the Court said at page 56 of 357 U.S., at page 1058 of 78 S.Ct.:

> "(b) The cash surrender value of the policy, however, stands on a different footing. The insured has the right under the policy contract to compel the insurer to pay him this sum upon surrender of the policy. This right may be borrowed against, assigned or pledged, Slurszberg v. Prudential Ins. Co. [15 N.J.Misc. 423, 192 A. 451], supra. Thus Mr. Bess 'possessed just prior to his death, a chose in action in the amount stated (i.e., the cash surrender value) which he could have collected from the insurance companies in accordance with the terms of the policies' [United States v. Bess, 3 Cir.] 243 F.2d 675, 678. It is therefore clear that Mr. Bess had 'property' or 'rights to property,' within the meaning of § 3670, in the cash surrender value * * *"

The Supreme Court then discussed the issue of whether the cash surrender values of the policies with the lien attached thereto were transferred to the beneficiary when the insured died and held that for purposes of Section 3670 there was a transfer of property from the insured to the beneficiary, and that the lien attached to the property before his death followed the property into her hands.

The defendant here has conceded the applicability of United States v. Bess, supra, to the case at bar, and the merits are no longer in issue. Therefore, since the Government's lien attached only to the cash surrender values of the policies as of the date of the death of the said Patrick S. McMahon, it follows that said sum of $7,410.23 collected by the District Director was "wrongfully collected" within the meaning of Sec. 7422(a) to the extent that said sum exceeded the said cash surrender values; and the

plaintiff is entitled to recover such excess, together with interest thereon from the date of collection thereof, unless it can fairly be said that there is a fatal variance between the grounds for relief asserted in the claims for refund filed by the plaintiff and those stated in the complaint herein.

■■ The filing of a timely claim for refund is a statutory prerequisite to a suit to recover taxes alleged to have been illegally collected. 26 U.S.C.A. § 7422(a); United States v. Felt & Tarrant Mfg. Co., 1931, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025. The principle requirement of the statute and the regulations supplementary thereto is that the Commissioner be apprised by the timely filing of a claim of the exact basis upon which the claim for refund is predicated. Carmack v. Scofield, 5 Cir., 1953, 201 F. 2d 360; United States v. Pierotti, 9 Cir., 1946, 154 F.2d 758. Its purpose is to permit the Commissioner to make an investigation, to correct the claimed errors, if any exist, and to refund the amount due, if any, without being subjected to litigation, and if the disagreement persists, to limit the issues to be defended by him. Carmack v. Scofield, supra; Kales v. United States, 6 Cir., 1940, 115 F.2d 497, affirmed 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132. In furtherance of these purposes, affidavits, letters or other statements filed with the Commissioner in support of the claim for refund may be considered as part of the claim for refund if they bring the matters in controversy to the attention of the Commissioner and disclose grounds and facts upon which he may act intelligently. United States v. Pierotti, supra; Hoyt v. United States, 1937, 21 F.Supp. 353, 86 Ct.Cl. 19.

■ Here, the claims for refund and the letter accompanying them clearly advised the Commissioner that the plaintiff was the beneficiary of the policies of insurance on the life of her husband which had been issued by The Lincoln National Life Insurance Company; that

tax liens had been filed attaching the proceeds of these policies; that she had paid out of the proceeds of these policies an amount sufficient to discharge the tax indebtedness of her late husband; that the entire proceeds of said policies were not the property of her husband at the time of his death; that she was not liable for the income tax indebtedness of her husband; and that she claimed said income taxes were erroneously and illegally collected from her, and sought their refund. In addition, apparently by way of assumption that the District Director had considered her liable for the taxes as a transferee of property of the decedent and that that section of the Code providing for such transferee liability was the only basis therefor, she denied that she was such a transferee. This assumption can hardly be said to have misled the Commissioner as to the facts, or to have been unjustified in view of the consistent position taken by the taxing authorities with respect to the proceeds of life insurance policies prior to the decision in United States v. Bess, supra.

In my opinion a fair reading of the complaint discloses that the plaintiff makes therein the same claims on the same grounds as she did in her claims for refund and the letter accompanying them. The defendant's contention that there is a fatal variance between the claims for refund and the complaint is far-fetched and without merit.

In conclusion, I find that the plaintiff is entitled to recover the amount paid by her to the extent that it exceeded the cash surrender value of said policies on the date of the death of the said Patrick S. McMahon, together with interest thereon from the date of its payment. Within twenty days from the date hereof the parties will present to me a computation of the total amount to which the plaintiff is entitled, in accordance with my conclusion hereinbefore stated, and thereupon judgment will be entered in favor of the plaintiff in said amount.