**FIRST NATIONAL BANK OF MINNE-APOLIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 4-58-56.

United States District Court
D. Minnesota,
Fourth Division.

Aug. 21, 1959.

Peter Dorsey, Dorsey, Owen, Scott, Barber & Marquart, Minneapolis, Minn., for plaintiff.

Fallon Kelly, U. S. Atty., Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DEVITT, District Judge.

Plaintiff seeks recovery of $18,731.54 which, it alleges, was wrongfully taken by the United States when it levied on tax liens against accounts receivable owing a delinquent taxpayer. The plaintiff claims that it is entitled to this fund because the taxpayer assigned the same accounts to the plaintiff prior to the creation of the tax liens.

There are two issues. The first is whether the suit can be maintained against the United States under 28 U.S. C. § 1346(a) (1) (1952) as amended, 28 U.S.C.A. § 1346(a)(1) (Supp.1958), or whether it should have been brought against the appropriate District Director of Internal Revenue. The second issue is, whether on the merits of the case, the

assignment to the plaintiff should have priority over the tax liens. Since the Court's disposition of the first issue is that the suit cannot be maintained against the United States, it will not be necessary to discuss the second issue.

The facts have been stipulated. In 1953, Mid-States Company, Inc., entered into a subcontracting agreement with a general contractor by the name of Hagstrom Construction Co. In June, 1954, Mid-States Company, Inc., assigned its right to the proceeds due and to become due under this contract to the plaintiff in return for two loans totalling $47,000. Meanwhile, deficiency tax assessments were made against Mid-States for failing to return withholding taxes during 1954. A tax lien was filed on April 1, 1955, in the amount of $25,284.35.

In 1956, after settling a lawsuit with Mid-States over the contract, Hagstrom Construction Co. paid $18,731.54 to an account in trust for Mid-States Company. On March 11, 1957, this money was seized by the District Director of Internal Revenue of St. Paul pursuant to the tax liens. The First National Bank then sued the United States to recover the money on the basis of its prior assignment. The defendant urges that the court is without jurisdiction. I agree.

It is well established by the doctrine of sovereign immunity that the United States cannot be sued unless it gives its consent. The statutory consent in 28 U.S.C. § 1346(a)(1), allowing actions against the United States for the recovery of internal revenue taxes illegally collected, grants jurisdiction only where the plaintiff is the taxpayer from whom the taxes were wrongfully collected. It does not grant third parties, such as the plaintiff, the right to sue the United States on prior claims against property seized in tax foreclosure proceedings. First National Bank of Emlenton v. United States, D.C.W.D.Pa. 1958, 161 F.Supp. 844, affirmed 3 Cir., 1959, 265 F.2d 297.

Defendant's motion for dismissal is granted.