**J. A. PETERSON—TOMAHAWK HILLS, INC., a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. KC–1470.**

United States District Court
D. Kansas.

May 1, 1961.

Donald B. Clark, of Campbell & Clark, Kansas City, Mo., and Keith Martin, Mission, Kan., for plaintiff.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan., Louis F. Oberdorfer, Asst. Atty. Gen., and Richard M. Roberts and Robert A. Mills, Dept. of Justice, Washington, D. C., for defendant.

ARTHUR J. STANLEY, Jr., District Judge.

The plaintiff is a residential real estate developer. In the course of the business of constructing and developing residential property, the plaintiff contracted with one Westpfahl for concrete work. It is alleged that Westpfahl was to furnish all labor and materials. Apparently, Westpfahl encountered difficulties, for it is alleged that on October 29, 1959, the plaintiff received notice from two ready-mix concrete companies that Westpfahl owed them a total of $6,357.36 for materials delivered to residential sites at which Westpfahl had performed work for the plaintiff. Mechanic's liens were filed by these materialmen on January 9, 1960.

The plaintiff contends that as of October 29, 1959, it was indebted to Westpfahl in the amount of $7,300.45 for contract work, less the amount owed the materialmen, or a total difference of $903.09 (the amount probably should be $943.09).

On November 4, 1959, the plaintiff received a notice of levy from the District Director of Internal Revenue, based upon withholding taxes which Westpfahl had not paid for the year 1958. Pursuant to this notice, the plaintiff paid the District Director the sum of $903.09 on November 24, 1959, claiming that this was the amount of its indebtedness to Westpfahl. Under threat of suit, the plaintiff paid the District Director an additional sum of $3,280.50 on March 29, 1960. Following the usual claims and rejections, this suit was filed, asserting jurisdiction of this court by virtue of 28 U.S.C. § 1346 (a) (1), and seeking refund of the $3,280.50.

The plaintiff claims that its contract with Westpfahl was for completed work, including labor and materials, and that Westpfahl's failure to pay his materialmen reduced the amount which plaintiff owed Westpfahl. Plaintiff then concludes that since the government's claim was to funds owed Westpfahl by the plaintiff, the government was not entitled to collect any more than the amount actually owed by the plaintiff to Westpfahl, or the amount due under the contract less the materialmen's claims.

The defendant has moved to dismiss the suit on the ground that only a taxpayer may sue the United States pursuant to 28 U.S.C. § 1346(a) (1), and that this plaintiff is not a taxpayer. The defendant contends that Westpfahl was the taxpayer and that the plaintiff was merely in possession of funds properly owing to Westpfahl.

The action of the government in seeking dismissal of the suit on the general ground that governmental consent to be sued, since it is a relinquishment of sovereign immunity, must be strictly construed, and on the more specific ground of strict construction of § 1346(a) (1), appears to be part of an overall effort to restrict the jurisdiction of the district courts in refund suits. See, Flora v. United States, 1960, 362 U.S. 145, 80 S. Ct. 630, 4 L.Ed.2d 623; First National Bank of Emlenton, Pa. v. United States, 3 Cir., 1959, 265 F.2d 297; affirming D.C.W.D.Pa.1958, 161 F.Supp. 844; Rutledge v. Riddell, D.C.S.D.Cal.1960, 186 F.Supp. 552; First National Bank of Minneapolis v. United States, D.C.D. Minn.1959, 175 F.Supp. 192. Whether or not this attitude is justifiable when considered in connection with the unusual power of distraint available to the government in the seizure of funds and property in satisfaction of tax claims (26 U.S.C. §§ 6331–6342), the motion to dismiss must be granted.

The plaintiff was no more than a stakeholder. It held funds for which there were competing claims, and which were insufficient to satisfy all the claims being asserted. While the facts of this case are somewhat different from those of the Bank of Emlenton, Rutledge and Bank of Minneapolis cases, supra, the

plaintiff has cited no authority of any kind for its assertion that § 1346(a) (1) is available to a claimant of its class. Somewhat less than exhaustive research has failed to locate any case wherein a refund suit was maintained by a party other than the one who owed and paid the taxes. The plaintiff here did not owe the United States any taxes. It was not paying taxes on behalf of one who owed them. It paid to the government funds which were the subject of conflicting claims, but to which it had no claim.

The defendant's motion to dismiss will be granted. Pursuant to Rule XXI of the Rules of this court, counsel will prepare and submit an appropriate order.