**Jules CHOPAK, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 64-C-525.**

United States District Court
E. D. New York.

Nov. 4, 1964.

Jules Chopak, pro se.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for United States, Irwin Smith, Asst. U. S. Atty., of counsel.

ROSLING, District Judge.

Motion of defendant for an order pursuant to Fed.R.Civ.P. 12 to dismiss complaint is granted.[1] The complaint to which the motion was addressed is less than completely clear[2] in its ex-

---

1. Movant has submitted an affidavit in support of its motion. The affidavit is, however, pro forma, non-factual and is limited to a bare enumeration of the respects in which the complaint is legally insufficient, viz.:

1. The United States of America may not be sued without its consent and the Congress of the United States has not passed any statute which constitutes consent to be sued in an action of this type.
2. The complaint fails to state a claim upon which relief can be granted.
3. The Court has no jurisdiction over the subject matter of this action.

None of the matters thus presented are "outside the pleading" within the intent of subdivision (b) (6) of Rule 12, and, hence, the motion is not "treated as one for summary judgment and disposed of as provided in Rule 56." (Ibid.) Plaintiff's failure to serve affidavits or submit other probative documents to demonstrate the existence of a genuine issue as to a material fact (Rule 56(c)) is, accordingly, disregarded as these are not required in the instant procedural context. "Defendants' motion to dismiss", performing substantially the same function as the old common law general demurrer, "concede[s] the truth of all well-pleaded facts [in the complaint], but [does] not concede the truth or accuracy of the legal conclusions pleaded." Federal Life Ins. Co. v. Ettman, 120 F.2d 837, 839 (8th Cir. 1941). See 2 Moore's Federal Prac. 2244, ¶ 12.08, text and cases cited.

2. The legal back to which the complaint is annexed is endorsed by rubber stamp "Jules Chopak, in propria persona." Letterheads, of the plaintiff, used by him in writing to the court, carry a printed heading which in addition to supplying two separate addresses and telephone numbers, give the following data under the plaintiff's name:

"In propria persona
Bachelor of Laws, June 15, 1911
Master of Laws, June 13, 1912
New York Law School."

The draftsmanship of the complaint and brief, both subscribed by plaintiff in person, display a reasonable measure of familiarity with legal procedure and research. The complaint assailed has, therefore, been reviewed in light of standards routinely applied to pleadings authored by attorneys.

position of what is involved, but it is sufficiently alleged that recovery is sought by plaintiff from the United States of moneys the government has collected from a third party, a taxpayer, in satisfaction of its claim for unpaid income taxes. Plaintiff asserts that such liability by the government to him arises from the fact that "[o]n or about May 23, 1962 and May 17, 1963, respectively, plaintiff became entitled to a lien of funds from [the taxpayer] in the sum of $5,172.60, by reason of a judgment, granted and adjudicated to said plaintiff by the City Court of the City of New York, County of Kings, and docketed in the records of said Court on September 21, 1960," and "[t]hat said lien took priority over debts, obligations, claims, and liens of the United States of America with respect to income tax obligations of said Joseph Marcus in sums of money totalling $5,-172.60."

Whether or not plaintiff in fact had a lien, and if he did, whether it primed the government's lien for Marcus' income taxes need not here be determined,[3] for it does not appear that the defendant has by law consented to be sued upon a cause of action such as is here pleaded.[4] Absent such consent, this Court is without jurisdiction.

Settle order on notice.

3. Just how plaintiff's money judgment docketed September 21, 1960 in the City Court became a lien "on or about May 23, 1962, and May 17, 1963" and what the lien affected are not disclosed. The further allegation of the complaint that on the dates recited "said Joseph Marcus became entitled to divers sums of money as attorney's fee in a suit entitled" etc. supplies nothing by way of explanation.

4. First National Bank of Emlenton, Pa. v. United States, 265 F.2d 297 (3d Cir. 1959); Pennsylvania Turnpike Commission v. McGinnes, 268 F.2d 65 (3d Cir. 1959), cert. denied 361 U.S. 829, 80

S.Ct. 78, 4 L.Ed.2d 71; Phillips v. United States, 12 AFTR2d 5210 (S.D.N.Y.1963); Cameron v. United States, 12 AFTR2d 5425 (S.D.Calif.1963); J. A. Peterson-Tomahawk Hills Inc. v. United States, 194 F.Supp. 858 (D.Kans.1961); Rutledge v. Riddell, 186 F.Supp. 552 (S.D. Calif.1960); First National Bank of Minneapolis v. United States, 175 F.Supp. 192 (D.Minn.1959), appeal dismissed by stipulation, 8 Cir., 282 F.2d 568; Tri-State Insurance Co. v. United States, 129 F.Supp. 115 (W.D.Okla.1955); De-Van v. United States, 50 F.Supp. 992 (D.N.J.1943).