**ST. PAUL NATIONAL BANK, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 8–2294–C–1.**

United States District Court,
S. D. Iowa, C. D.

Dec. 10, 1970.

Harry T. Watts and James B. Corcoran, Des Moines, Iowa, for plaintiff.

Allen L. Donielson, U. S. Atty., Claude H. Freeman, Asst. U. S. Atty. and Richard A. Scully, Tax Division, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

Before the Court is a claim by St. Paul National Bank, St. Paul, Nebraska (plaintiff) against the United States (defendant) to recover taxes allegedly illegally collected.

It would appear from the stipulation that at some time prior to December 15, 1964, Nicholas and Lorene LaDoal executed and delivered to Central National Bank and Trust Company of Des Moines, Iowa, a purchase money chattel mortgage covering a 1962 Cadillac and a 1962 Pontiac. The liens arising from this chattel mortgage were perfected by notation thereof on the respective certificates of title on December 15, 1964 and April 20, 1965. On January 5, 1966 the LaDoals borrowed the sum of $5127.48 from plaintiff. Of this amount, $4517.-21 was paid to Central National Bank to discharge its lien against the automobiles. To secure this loan, plaintiff took a chattel mortgage on the two automobiles.

Apparently, the LaDoals were delinquent with respect to their federal taxes; notices of federal tax lien were filed with the Office of the Polk County Recorder, Des Moines, Iowa, in the amounts of $1412.31 on September 11, 1963 and $1251.87 on December 13, 1965. In March of 1966, the Internal Revenue Service seized and advertised for sale the two automobiles, pursuant to levies for the non-payment of the foregoing delinquent taxes.

Plaintiff's brief recites that the delinquent mortgagors were in default on their debt owed plaintiff at the time the automobiles were seized. Plaintiff complains that in order to protect its security in the automobiles, it paid the sum of $1985.00, the agreed value of the automobiles, to the Government. Shortly thereafter, the lien filed by the Government on December 13, 1965 was released of record.

Plaintiff's basic complaints may be summarized as follows: That it was compelled to obtain release of the vehicles from the levies in order to protect its security interests therein; that in order to accomplish this objective it was forced to pay the agreed value of the automobiles to the Government; that the seizure of the automobiles was wrongful ab initio since plaintiff's lien primed that of the Government for delinquent taxes; and that in accepting the payment of $1985.00 from plaintiff, the Government erroneously or illegally assessed or collected taxes admittedly owed by their delinquent mortgagors.

Defendant's principal response to the myriad complex problems put in issue by the complaint is a motion for summary judgment. This motion is based on three separate grounds: (a) lack of subject matter jurisdiction; (b) failure to state a claim upon which relief can be granted; (c) superiority of the federal tax liens. The Court heard oral arguments on this motion November 6, 1970.

Plaintiff in the complaint asserts special federal question jurisdiction. Specifically, the complaint asserts that

**1068**

plaintiff's claim has its source in and arises under 28 U.S.C.A. § 1346(a) (1).[1]

### Subject Matter Jurisdiction

■ Defendant in answer to plaintiff's contention on the jurisdictional question stresses that plaintiff is not a taxpayer. There is an army of precedents for the proposition that § 1346(a) (1) authorizes suit by a taxpayer only. That is, the decisional law holds that in order to bring an action under this section, plaintiff must be the one against whom the tax in question was assessed. See the line of cases, Phillips v. United States, 346 F.2d 999 (2d Cir. 1965); First National Bank of Emlenton, Pa. v. United States, 265 F.2d 297 (3 Cir. 1959), affirming 161 F.Supp. 844 (W.D.Pa. 1958); First National Bank of Minneapolis v. United States, 175 F.Supp. 192 (D.Minn.1959); and J. A. Peterson-Tomahawk Hills, Inc. v. United States, 194 F.Supp. 858 (D.Kan. 1961). Contra, McMahon v. United States, 172 F.Supp. 490 (D.R.I.1959). See also, Stuart v. Willis, 244 F.2d 925 (9th Cir. 1957).

■ In its most basic sense, § 1346(a) (1) permits taxpayers to sue the United States in the Federal District Court of their own residence to recover taxes which they feel have been wrongfully collected. It would appear, however, that the right of action therein created is designed to afford relief in situations in which a federal taxpayer feels aggrieved by a deficiency assessment against him; § 1346(a) (1) provides him with a method by which he may contest the Internal Revenue's determination of his tax. In short, a § 1346(a) (1) action is one in which the taxpayer's tax liability is open to question.

In the present case, the parties apparently concede that the deficiency assessments against the LaDoals were valid and that the taxes in question were due and owing. Moreover, the parties do not disagree with the proposition that the Internal Revenue Service had the right and duty to collect these taxes. The complaint discloses that plaintiff is aggrieved only by the manner in which the Internal Revenue Service sought to collect these taxes. Thus, the fact of the LaDoals' tax liability is not, and has never been, open to question.

In the case at bar the Treasury undertook to collect the delinquent taxes by levy and distraint. That is, the Treasury seized the two automobiles belonging to the LaDoals for the purpose of selling them and applying the proceeds of sale to payment of the unpaid taxes. The basic claim of plaintiff is that the Treasury wrongfully seized the property and refused to return it. For such a claim, § 7426(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7426(a) (1) provides a remedy.[2] In such a situation, this section provides that the person entitled to the property can sue the Government for its return or, if it has been sold, the proceeds of the sale. In view of the facts extant under the pleadings of this case, the Court

---

1. (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

2. § 7426. *Civil actions by persons other than taxpayers*

(a) *Actions permitted.—*

(1) *Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

concludes that if it has jurisdiction, such jurisdiction is conferred by § 7426(a) (1).

■ Defendants contend that plaintiff's right of recovery, if any, is barred by the limitations period found in § 6532(c) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6532(c).[3] This section provides that a § 7426 action must be commenced within nine months of the date of the levy unless a request for return of the property is made. In such an event, suit must be commenced within twelve months of the date of the request or within six months of the date the request is denied, whichever is shorter. The instant action, filed November 14, 1968, is therefore barred. The latest permissible date on which plaintiff could file suit was June 9, 1967, this date being six months from December 9, 1966, the date on which plaintiff's request for refund was denied.

Plaintiff's brief points out that subsection (c) of § 6532 was added to the Internal Revenue Code by § 110 of the Federal Tax Lien Act of 1966 (the Act). [§ 6532, as amended by Pub.L.No. 89–719, § 110 (Nov. 2, 1966), 80 Stat. 1125.] Plaintiff argues that § 114 of the Act provides that it shall not apply in any case in which such amendments would shorten the time for bringing the suit with respect to transactions occurring before November 2, 1966, its date of enactment. Plaintiff contends that since the transaction herein at issue arose prior to the date of enactment, § 114 authorizes this Court to overlook the patent bar of the relevant statute of limitations.

The Court does not agree. Prior to the Act the law was quite limited in the extent to which it took into account the rights of third parties in the procedures set out in the tax laws for the collection of taxes from a taxpayer. There was considerable authority for the proposition that no remedy whatsoever was available, although under some circumstances suits were brought against district directors of Internal Revenue. In any event, it is at best unclear as to whether there would have been under prior law any statute of limitation with which to contend. This being so, the Court finds plaintiff's argument unpersuasive.

■ It has been held in an abundance of cases that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period within which suit must be brought is a substantive jurisdictional requirement which must be met. See Campbell v. United States, 310 F.Supp. 154, 156 (W.D.Ark.1969). It is the view of the Court that defendant's motion for summary judgment must be sustained.

It is ordered that the motion of the United States be and is hereby sustained.

3. § 6532. (c) *Suits by persons other than taxpayers.*—
(1) *General rule.*—Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
(2) *Period when claim is filed.*—If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary or his delegate to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter. Aug. 16, 1954, c. 736, 68A Stat. 816; Sept. 2, 1958, Pub.L. 85–866, Title I, § 89(b), 72 Stat. 1665; Nov. 2, 1966, Pub.L. 89–719, Title I, § 110(b), 80 Stat. 1144.