**H.F. ELLISON, Jr. and Evelyn Ellison, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 78–3159–CV–S–4.**

United States District Court, W.D. Missouri, S.D.

May 14, 1982.

for lack of subject matter jurisdiction because, at that early stage of the proceedings, it was not apparent whether plaintiffs were claiming a refund for taxes paid by a third party, Bilnik's Inc., or by the plaintiffs personally. The defendant has again moved to dismiss or for summary judgment for lack of jurisdiction arguing that the plaintiffs lack standing because only the corporate taxpayer, Bilnik's, Inc., can bring a refund suit under the jurisdictional statute. Accompanying the defendant's renewed motions are exhibits showing that the taxes were assessed against Bilnik, Inc. rather than the plaintiffs (defendant's motion for summary judgment, Jan. 29, 1981, Appendix A–H, M) and that Bilnik's, Inc. paid the taxes with corporate checks (Appendix L). For the reasons discussed below, this case must be dismissed for lack of subject matter jurisdiction.

David R. Fielder, Fielder, Jones, Conklin & Skinner, Robert T. Beezley, Springfield, Mo., for plaintiffs.

Kenneth Josephson, Asst. U.S. Atty., Kansas City, Mo., and Angelo I, Castelli, Trial Atty., Tax Div., Washington, D.C., for defendant.

## ORDER

RUSSELL G. CLARK, Chief Judge.

Presently pending in this case is the defendant's motion to dismiss. Plaintiffs brought this action to recover federal withholding taxes paid by plaintiffs with their personal funds for corporate tax liabilities incurred in 1972 and 1973 by Bilnik's, Inc. In their amended complaint, plaintiffs allege that the Internal Revenue Service (IRS) misled and misinformed plaintiffs concerning their personal liability for Bilnik's, Inc.'s tax debt, and as a direct result thereof, plaintiffs allegedly paid the taxes in question when in fact, they were not personally liable for them. Plaintiffs now seek a refund of the tax payment. In an order dated September 2, 1980, the Court denied defendant's first motion to dismiss

Plaintiffs amended complaint alleges that this Court has jurisdiction pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346. The former statute, however, does not grant this Court power to adjudicate claims for tax refunds; it is jurisdictional only in the sense that it requires a plaintiff to exhaust administrative remedies before filing a claim for a tax refund. In their suggestions in opposition to the defendant's motions to dismiss, plaintiffs more specifically allege that jurisdiction is predicated on the following portions of 28 U.S.C. § 1346:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; . . .

Thus, the sole issue before this Court is whether plaintiffs' amended complaint is cognizable under § 1346(a)(1).

■ Section 1346(a)(1) of Title 28, U.S.C. not only grants this Court jurisdiction to adjudicate tax refund suits but also acts as a waiver of sovereign immunity. As such, the statute has received an extremely narrow construction. *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir.1976) ("It is fundamental that where, as in 28 U.S.C. § 1346(a)(1), the sovereign has waived its immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.") *See also: Eighth Street Baptist Church, Inc. v. United States*, 431 F.2d 1193, 1194 (10th Cir.1970); *Phillips v. United States*, 346 F.2d 999, 1000 (2d Cir.1965).

■ In order to have the requisite standing to maintain a tax refund suit under § 1346(a)(1), plaintiff must be the one against whom the tax in question was assessed. In *St. Paul National Bank v. United States*, 320 F.Supp. 1066 (S.D.Iowa 1970), the Honorable Roy L. Stephenson, now a Judge of the Eighth Circuit Court of Appeals, explained:

Defendant in answer to plaintiff's contention on the jurisdictional question stresses that plaintiff is not a taxpayer. There is an army of precedents for the proposition that § 1346(a)(1) authorizes suit by a taxpayer only. That is, the decisional law holds that in order to bring an action under this section, plaintiff must be the one against whom the tax in question was assessed. See the line of cases, *Phillips v. United States*, 346 F.2d 999 (2d Cir.1965); *First National Bank of Emlenton, Pa. v. United States*, 265 F.2d 297 (3 Cir.1959), affirming 161 F.Supp. 844 (W.D.Pa.1958); *First National Bank of Minneapolis v. United States*, 175 F.Supp. 192 (D.Minn.1959); and *J.A. Peterson-Tomahawk Hills, Inc. v. United States*, 194 F.Supp. 858 (D.Kan.1961). Contra, *McMahon v. United States*, 172 F.Supp. 490 (D.R.I.1959). See also, *Stuart v. Willis*, 244 F.2d 925 (9th Cir. 1957).

In its most basic sense, § 1346(a)(1) permits taxpayers to sue the United States in the Federal District Court of their own residence to recover taxes which they feel have been wrongfully collected. It would appear, however, that the right of action therein created is designed to afford relief in situations in which a federal taxpayer feels aggrieved by a deficiency assessment against him; § 1346(a)(1) provides him with a method by which he may contest the Internal Revenue's determination of his tax. In short, a § 1346(a)(1) action is one in which the taxpayer's tax liability is open to question.

320 F.Supp. at 1068. *Accord: Busse v. United States*, 542 F.2d 421, 424–425 (7th Cir.1976) ("definition of 'taxpayer' in § 1346(a)(1) is strictly limited to 'the taxpayer who has overpaid his taxes.'"); *Collins v. United States*, 532 F.2d 1344, 1347–1348 n. 2 (Ct.Cl.1976); *Hofheinz v. United States*, 511 F.2d 661, 662 (5th Cir.1975); *Hummell v. United States*, 494 F.Supp. 1003, 1004 (S.D.Iowa 1980) (granting motion to dismiss for lack of jurisdiction because only the taxpayer has standing to sue for a tax refund under § 1346(a)(1).); *Arndt v. United States*, 493 F.Supp. 552, 553 (S.D. Tex.1980).

■ In the present case, plaintiffs readily admit in the first sentence of their trial brief filed on April 21, 1982 that the federal withholding taxes paid had been "assessed against a corporation, Bilnik's, Inc." Similarly, there is here no claim that the amounts which were paid were not actually due and owing from the corporation. The parties do not dispute that the IRS had the right and duty to collect the taxes (Ellison Depo. p. 41). The complaint discloses that plaintiffs are aggrieved only by the manner in which the IRS sought to collect those taxes. At the bottom line, the taxpayer Bilnik's, Inc.'s tax liability is not, and has never been open to question and the plaintiffs seek to recover taxes paid by a third party, Bilnik's, Inc. (Defendant's motion for summary judgment, Jan. 29, 1981, Appendix A–H, L, M). Since plaintiffs are not contesting the IRS's determination of the tax which was ultimately paid by them, plaintiffs have presented no claim over

which this Court can exercise its jurisdiction.

· Plaintiffs rely on *Adams v. United States,* 380 F.Supp. 1033, 1035 (D.Mont. 1974) and *McMahon v. United States,* 172 F.Supp. 490, 494 (D.R.I.1959) for the minority view that a person may qualify as a "taxpayer" under 28 U.S.C. § 1346 if the payment of the third party's taxes was not "voluntary." Plaintiffs assert that their payment was not voluntary because they would not have paid the corporation's tax liability but for the IRS misrepresentation. This Court need not address this factual contention as the minority reading of the term "taxpayer" as represented by the *Adams-McMahon* voluntary test has been expressly rejected in well reasoned opinions decided by several of this Court's sister districts. *Hummell v. United States,* 494 F.Supp. 1003, 1005 (S.D.Iowa 1980); *Home Indemnity Co. v. Brennan,* 430 F.Supp. 828, 830 (S.D.N.Y.1977); *Mill Factors Corp. v. United States,* 391 F.Supp. 387, 389 n. 2 (S.D.N.Y.1975).

Therefore, it is hereby

ORDERED that the defendant's motions to dismiss or for summary judgment for lack of subject matter jurisdiction are granted.