Natalie K. SINN, et al., Plaintiffs,

v.

**UNITED STATES of America** [1], **Defendant.**

No. 82–1273.

United States District Court, C.D. Illinois.

May 27, 1983.

David R. Sinn, Peoria, Ill., for plaintiffs.

Janet L. Jannusch, Asst. U.S. Atty., Peoria, Ill., M. Ellen Carpenter, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

MIHM, District Judge.

This is an action to recover federal excise taxes paid to the IRS on August 17, 1981. Plaintiffs are former shareholders of Sinn Oil Company, a closely held corporation primarily engaged in the sale of petroleum products. During the first three quarters of 1978 while Plaintiffs were shareholders, and some were officers of Sinn, the Company made wholesale sales of gasoline to Home Service Oil Corporation. Plaintiffs allege that the officers of Home represented to Sinn that Home was registered under a certificate with the IRS to make wholesale purchases of gasoline free of all federal excise tax. Consequently, sales during that

---

1. The United States is substituted as Defendant pursuant to 26 U.S.C. § 7422(f).

period were made free of federal excise tax. (26 U.S.C. § 4083)

On September 29, 1979, Plaintiffs sold their shares of Sinn common stock to third parties. The Plaintiffs covenanted with the purchasers that the Plaintiffs would "indemnify, save and hold harmless the aforesaid purchasers of common stock from any and all claims made by any governmental agency for excise and sales taxes arising out of sales of gasoline made by Sinn Oil Company to any person prior to September 29, 1979."

On April 7, 1980, Sinn was served a Federal Excise Tax Assessment by the IRS for the gasoline sales made to Home during the first three quarters of 1978. Sinn requested a District Director's Conference on the assessment but was informed that no satisfactory agreement on the merits could be reached.

In August 1981, Plaintiffs received a written demand from the purchasers of the Sinn stock that Plaintiffs comply with the terms of their covenant. On August 17, 1981, Plaintiffs paid the amount of the assessment directly to the IRS. Subsequently, Plaintiffs sought a refund of the sums paid but were informed by the Director of the IRS that their claim for refund was denied.

Plaintiffs have initiated this action pursuant to 28 U.S.C. 1346 and 26 U.S.C. 7422.

*Motion to Dismiss*

Defendant's motion questions whether Plaintiffs have standing to maintain this action. Section 1346(a)(1) gives the District Courts original jurisdiction over:

"Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

The general rule is that only a taxpayer may bring a suit under this section. *Busse v. United States,* 542 F.2d 421 (7th Cir.1976); *Arndt v. United States,* 493 F.Supp. 552 (S.D.Tex.1980). While this appears to be undisputed, the proper definition of "taxpayer" has been much debated.

The Court in *Busse* noted that because § 1346(a)(1) is a waiver of sovereign immunity it must be construed narrowly. The Internal Revenue Code defines taxpayer as "any person subject to any internal revenue tax". 26 U.S.C. § 7701(14). It cannot be said that Plaintiffs meet this narrow definition of a taxpayer. The taxpayer in this case was Sinn, it was subject to the tax. Plaintiffs paid the tax simply because they had entered into a covenant with certain shareholders of Sinn.

However, Plaintiffs argue that they fall within the "involuntary taxpayer" exception. This exception, adopted by some courts, allows a party who pays a tax for a third party to seek a refund, if he has paid the tax involuntarily. See, *Parsons v. Anglim,* 143 F.2d 534 (9th Cir.1944); *Adams v. United States,* 380 F.Supp. 1033 (D.Montana 1974); *McMahon v. United States,* 172 F.Supp. 490 (D.R.I. 1959).

In *Adams,* the Plaintiff was attempting to recover payment he had made for a tax deficiency levied against a corporation of which he was a 50% shareholder. The Court adopted the "involuntary taxpayer" rule and concluded that the Plaintiff had not paid the tax voluntarily and therefore had standing to bring a refund suit. For support of their ruling the Court noted that the IRS was threatening levies upon the corporation and Plaintiff had a contractual obligation to protect the property of the corporation.

In *David v. United States,* 551 F.Supp. 850 (C.D.Calif.1982), Plaintiff who was an officer and majority shareholder of a corporation sought a refund of employment taxes assessed against the corporation, which he had paid from his personal funds. Relying on *Parsons,* the Court held that "a person who pays a tax of a third party on the assumption that he was personally liable on that tax does have standing to bring a refund action for wrongfully collected taxes."

The Court distinguished some earlier cases denying standing on the ground that they involved situations where the tax had been paid to remove a federal tax lien imposed on that party's property, not because the Plaintiff believed himself to be personally liable. The parties in those earlier cases should have challenged the levy via 26 U.S.C. § 7426 (Civil Actions by Persons Other than Taxpayers) rather than a refund suit. However, in *David,* Plaintiff had paid the tax on the assumption that he was personally liable and, thus had standing.

This appears to be the state of the law in the Ninth Circuit, but contrary results have been reached in district courts elsewhere. In *Ellison v. United States,* 558 F.Supp. 158, (W.D.Mo.1982), the Court rejected the involuntary taxpayer exception under facts similar to *David.* However, in *Ellison* the Court relied on the fact that the tax had been assessed against the corporation, had been paid with corporate checks, and the corporation's tax liability was not in question.

Other cases which have rejected the involuntary taxpayer exception include an attempt to recover taxes paid to remove liens imposed on property (*Hummell v. United States,* 494 F.Supp. 1003 (S.D.Iowa 1980)) and an attempt by a surety to recover funds improperly directed by its obligor to satisfy payroll taxes (*Home Indemnity Co. v. Brennan,* 430 F.Supp. 828 (S.D.N.Y.1977).)

The Court finds that the facts of this case do not warrant the expansion of the limited definition of taxpayer so as to include these Plaintiffs. The Plaintiffs voluntarily entered into the covenant with the purchasers of their stock, they were not coerced into agreeing to the covenant. The covenant was designed to indemnify the purchasers for any tax liability for sales made by Sinn prior to September 29, 1979, it was not designed simply to insure the tax was paid. Thus, contrary to Plaintiff's argument, the IRS was not a third party beneficiary of the covenant. Furthermore, the mere fact that they paid the tax does not elevate the Plaintiffs to a position of standing. *Busse,* supra. The tax deficiency was assessed against Sinn, not the individual shareholders. The corporation was still in existence and any challenge to the deficiency should have been made by Sinn before the shareholders turned to these Plaintiffs for indemnification. These two factors—(1) the Plaintiffs were not completely volunteers and (2) there were other opportunities to challenge the deficiency—compel this Court to conclude that these Plaintiffs lack standing to challenge.

The *Davis* case, though closely analogous, can be distinguished. There the Plaintiff had been approached by IRS agents who led him to believe he was personally liable. Here, Plaintiff made payment of the tax on demand from the stockholders of Sinn, there were no representations by the IRS that Plaintiffs were personally liable.

Accordingly, following the caution of *Busse* that the statute must be narrowly construed, IT IS ORDERED that Defendant's motion to dismiss is GRANTED and the complaint is DISMISSED.