**FACTORY STORAGE CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 84–44–CIV–4.**

United States District Court,
E.D. North Carolina,
New Bern Division.

April 2, 1985.

John M. Martin, White, Allen, Hooten & Hodges, Kinston, N.C., for plaintiff.

Robert L. Welsh, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

DUPREE, Senior District Judge.

Plaintiff, Factory Storage Corporation, brings this action against the United States pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1) seeking recovery of $9,832.23 in taxes paid to the Internal Revenue Service in January of 1983. The case is before the court on cross-motions for summary judgment.

Factory Storage Corporation (Factory Storage) was formerly a limited partner in Associated Catering Enterprises which operated two restaurants in Greenville, North Carolina. The limited partnership was formed in August of 1980 and the restaurants were managed on a day-to-day basis by the general partner. As a result of dissatisfaction with the general partner's handling of the business affairs of the partnership, the partnership terminated the general partner as general manager on September 15, 1981. A new general partner later joined the partnership and assumed responsibility as general manager of the restaurants. Despite this change in management, the restaurants were unsuccessful and the partnership decided to close them on November 21, 1981.

On September 2, 1982, the Internal Revenue Service, through Revenue Officer Michael H. Wills, notified the limited partners in Associated Catering Enterprises, Factory Storage among them, that

> [t]he federal tax liability for Associated Catering Enterprises, Federal Employer Identification Number 56–1277233, for the Form 941, Employer's Quarterly Tax Return, for the quarter ending on June 30, 1981, has an unpaid balance of $9,222.09 which is past due.

> You are hereby notified that you, as a partner of Associated Catering Enterprises, are being held liable for the taxes of the partnership. Please remit the above amount within 10 days. Your failure to pay within 10 days will result in enforcement action being taken against you without further notice.

Factory Storage, as holder of a twenty per cent interest in the limited partnership, became concerned over its potential liability for the employment taxes of Associated Catering Enterprises and officials of the corporation met with Wills in an attempt to settle the matter. According to Linwood E. Mercer, President of Factory Storage Corporation, Wills told Factory Storage representatives that the corporation was liable for the employment tax deficiency because it had lost its limited partner status by exercising too much control over the business operations of the limited partnership. A second notice was issued by Wills to Factory Storage and other limited partners on November 5, 1982, in which he again warned the limited partners that

[t]he federal tax liability for Associated Catering Enterprises, Federal Employer Identification Number 56–1277233, for the Form 941, Employer's Quarterly Tax Return, for the quarter ending on June 30, 1981, has an unpaid balance of $9,536.90 which is past due.

You are hereby notified that you, as a partner of Associated Catering Enterprises, are being held liable for the taxes of the partnership. Please remit the above amount immediately. Your failure to pay will result in enforcement action being taken against you without further notice.

For reasons not clear from the record, Factory Storage in January of 1983 paid the IRS $9,832.23, the entire amount owed by Associated Catering Enterprises for employment taxes for the quarter ending June 30, 1981. Factory Storage thereafter filed a claim for refund with the Internal Revenue Service on May 6, 1983 to recover the employment taxes paid on behalf of Associated Catering Enterprises on the ground that neither it nor any of the other limited partners had participated in the management of the partnership to a degree which would remove the protection from liability afforded them by their "limited partner" status. See N.C.G.S. § 59–7. The IRS failed to acknowledge Factory Storage's refund claim, and the corporation filed the present action on May 16, 1984 seeking recovery of the $9,832.23.

The government asserts in its motion for summary judgment that the court does not have jurisdiction to hear the case under 26 U.S.C. § 7422 or 28 U.S.C. § 1346(a)(1) because no taxes were actually assessed against Factory Storage and, absent such an assessment, Factory Storage is not a "taxpayer" entitled under these provisions to sue for a refund. See, e.g., Ellison v. United States, 558 F.Supp. 158, 160 (W.D. Mo.1982); Hummell v. United States, 494 F.Supp. 1003, 1004–05 (S.D.Iowa 1980). Factory Storage responds that the court has jurisdiction under these statutes since several courts have so held and allowed actions initiated by someone other than the "taxpayer" to proceed. See, e.g., Parsons v. Anglim, 143 F.2d 534, 535–37 (9th Cir. 1944); Noonis v. United States, 576 F.Supp. 853, 856 (W.D.Tex.1983).

Section 7422 of the Internal Revenue Code does not itself serve as an independent jurisdictional basis for lawsuits to recover taxes paid; it only states that as a prerequisite to such a suit the taxpayer must first have filed a claim for the refund with the Internal Revenue Service. The jurisdictional statute through which Section 7422 operates is 28 U.S.C. § 1346(a)(1) which provides

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

Factory Storage satisfied Section 7422's filing requirement by submitting a claim for refund to the IRS in May of 1983. Having done so, the question for the court becomes whether under Section 1346(a)(1) it has subject matter jurisdiction to hear a case filed by a plaintiff who has paid taxes on behalf

of a taxpayer who was the actual subject of a tax assessment under the erroneous belief that the plaintiff would ultimately be personally liable for the taxes.

There is a split of authority, which has existed for at least forty years, over the jurisdictional reach of 28 U.S.C. § 1346(a)(1). *Compare Hofheinz v. United States,* 511 F.2d 661, 662, (5th Cir.1975); *Eighth Street Baptist Church, Inc. v. United States,* 431 F.2d 1193, 1194 (10th Cir.1970); *Ellison v. United States,* 558 F.Supp. at 160–61; and *Hummell v. United States,* 494 F.Supp. at 1004–05, *with Parsons v. Anglim,* 143 F.2d 534, 536–37 (9th Cir.1944); *Schoenherr v. United States,* 566 F.Supp. 1365, 1367 (E.D.Wis. 1983); and *McMahon v. United States,* 172 F.Supp. 490, 494 (D.R.I.1959). In opinions denying jurisdiction under Section 1346(a)(1), the reason cited for the denial generally has been that since this section constitutes a waiver of sovereign immunity, it must be narrowly construed to allow only those taxpayers who were actually assessed taxes by the IRS to bring suit in federal court to recover the amounts paid. *See, e.g., Eighth Street Baptist Church,* 431 F.2d at 1194; *Ellison v. United States,* 558 F.Supp. at 160. Courts extending the jurisdictional purview of the section apparently have done so for equitable reasons to avoid barring a plaintiff from any right of recovery against the United States for taxes erroneously paid. *See Parsons,* 143 F.2d at 536–37; *Schoenherr,* 566 F.Supp. at 1367. As far as the court can determine, no court in the Fourth Circuit has spoken on the issue.

After reviewing the applicable case law, the court has concluded that it does not have subject matter jurisdiction to hear Factory Storage's case against the United States. This appears to be the majority view, and the facts of the present case are strikingly similar to the facts of *Ellison v. United States, supra,* a case decided by Chief Judge Russell G. Clark of the Western District of Missouri. In *Ellison* plaintiffs, shareholders in Bilnik's, Incorporated, brought suit against the Internal Revenue Service alleging that the IRS had misled

and misinformed them concerning their potential tax liability for the corporation's tax debt. *Id.* at 159. Chief Judge Clark dismissed the case, reasoning that "[i]n order to have the requisite standing to maintain a tax refund suit under § 1346(a)(1), plaintiff must be the one against whom the tax in question was assessed." *Id.* at 160. Because the federal tax was assessed only against Bilnik's, Incorporated, and the "plaintiffs [were] aggrieved only by the manner in which the IRS sought to collect [those] taxes," the shareholders had no standing to bring suit under Section 1346(a)(1). *Id.* Similarly, in the present case Factory Storage complains on equitable grounds that the IRS should not be allowed to escape by raising the jurisdictional shield of Section 1346(a)(1), but there is no question that the taxes were actually assessed against Associated Catering Enterprises and only paid by Factory Storage under the mistaken belief that it had lost its limited partner status and was therefore liable for the taxes. As in *Ellison,* this is not enough to allow Factory Storage to come within the narrow limits for suits under Section 1346(a)(1).

It is not without some misgiving that the court dismisses the case. Accepting Factory Storage's assertions as true, it appears that Michael H. Wills of the IRS led representatives of Factory Storage to believe that the corporation had lost its limited partnership protection by participating in the management of the partnership. The IRS has not submitted any evidence to support this legal conclusion, and it is unclear from the record whether Wills is a lawyer authorized to draw such a legal conclusion. Moreover, the President of Factory Storage in his affidavit claims that Wills went to branch offices of First Union Bank and Branch Banking and Trust Company in Farmville, North Carolina, and threatened to levy upon Factory Storage's bank accounts in order to satisfy the employment tax deficiency of Associated Catering Enterprises. If true, these heavy-handed tactics do little to give taxpayers confidence in the integrity of the tax collec-

**436**

tion process. Were the court not required to give narrow construction to Section 1346(a)(1) and inclined to follow the majority rule that jurisdiction is not proper in cases such as the present one, the court would certainly take a dim view of the IRS's actions in the case were they eventually proven to be as alleged by Factory Storage in its complaint and in the affidavit of its President.

There being no subject matter jurisdiction in the case, defendant's motion for summary judgment is granted and the action is dismissed.

SO ORDERED.