**CERAVOLO & COMIS, INC. and Thomas F. Culuccio & Sons, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 65–CV–292.

United States District Court
N. D. New York.

Jan. 31, 1967.

Joseph J. Ferlo, Rome, N. Y., for plaintiffs.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant.

PORT, District Judge.

Memorandum-Decision and Order

The defendant, United States of America, moves to dismiss the complaint in the above-entitled action upon the following grounds: the complaint fails to state a claim upon which relief can be granted; the United States has not consented to be sued; and the court lacks jurisdiction because the action in effect seeks a declaratory judgment with reference to federal taxes, which is proscribed by 28 U.S.C. § 2201.

The plaintiffs were joint prime contractors on a New York State road job. Their claim arises out of the payment of a judgment in excess of $10,000.00 obtained against them by the Maryland Casualty Company. The Maryland Casualty Company was surety and the plaintiffs were principals on a bond conditioned on the payment of taxes due the United States from Elconco, Inc., a subcontractor of the plaintiffs. The bond was filed with the Department of Audit and Control of the State of New York to effect the release of tax liens filed by the Internal Revenue Service for taxes claimed to be due from Elconco, Inc.

Prior to the posting of the bond, the Internal Revenue Service served notices of levy on the plaintiffs covering all property, rights to property, and moneys alleged to be due Elconco by the plaintiffs. Before the levy was made, the plaintiffs advised the Internal Revenue Service that they had no funds belonging to Elconco upon which a lien for taxes could attach, claiming that any funds in their possession due Elconco, as subcontractors, were not subject to the levy because they constituted trust funds under the Lien Law of the State of New York, McKinney's Consol.Laws, c. 33.

Undeterred by this advice, the Internal Revenue Service filed notices of tax liens on the Department of Audit and Control of the State of New York, as a result of which the State of New York held up the payment of funds due the plaintiffs.

In order to release the funds, the plaintiffs executed the usual bond provided by the Internal Revenue Service for the release of tax liens, with the Maryland Casualty Company as surety.

The bond, the plaintiffs allege, was executed by them as a result of fraud and misrepresentation committed by the agents of the Internal Revenue Service. The plaintiffs allege that the recitation in the bond that the plaintiffs were indebted to the United States in a stated sum was false to the knowledge of the government, and that the bond was void because of the unconscionable conduct and over-reaching on the part of the government. After the execution of the bond, the Maryland Casualty Company requested the plaintiffs to pay the Director of Internal Revenue in accordance with their obligation on the bond. Upon the refusal of the plaintiffs to make such payment, claiming that the government's fraud would afford them a defense, the surety company paid in accordance with the bond, brought an action, and recovered a judgment against the plaintiffs.

The plaintiffs seek to recover an amount equaling the judgment recovered by the Maryland Casualty Company against them and attorneys' fees expended in the defense of that action; they demand judgment in the sum of $10,109.56 "on the ground that said sum represents money for taxes illegally and erroneously collected against said plaintiffs"; in addition, they seek the sum of $750.00 expended as counsel fees, and a declaration that the bond executed by them as principals with the Maryland Casualty Company as surety, be cancelled on the grounds that it was procured "by misrepresentation, fraud, deceit and over-reaching."

The complaint fails to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Ordinarily, an opportunity to cure this omission would be granted by an order permitting an amended complaint to be filed. However, in this case, since it appears that there is no possible basis

upon which the plaintiffs can allege a cause of action which would keep them in court, the determination is being made on the merits.

Plaintiffs, in their brief, mention sections 1340 and 1346(a) (1) of Title 28, United States Code, as a jurisdictional base.

Section 1346 provides as follows:

*United States as defendant*

(a) The district courts shall have original jurisdiction * * * of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * * or any sum alleged to have been * * * in any manner wrongfully collected under the internal-revenue laws * * *.

■  The plaintiffs apparently seek to characterize their claim as one seeking a refund of taxes erroneously paid and collected. However, the balance of the complaint clearly shows that what they are seeking is to recover over against the United States the judgment recovered by the Maryland Surety Company against them.

■  In their brief, plaintiffs try to place themselves in the position of Elconco, the taxpayer. Being in the taxpayer's position or subrogated to the taxpayer's rights would still not bring them within 1346(a) (1)—there is no allegation that the money was illegally collected from the taxpayer.

■  In any event, no latitude exists for the application of section 1346(a) (1) to anyone other than the taxpayer. Phillips v. United States, 346 F.2d 999 (2d Cir. 1965).

■■  The plaintiffs' resort to section 1340 is no more helpful. That section provides: "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *." However, even assuming that subject matter jurisdiction is provided by section 1340, it "would not enable the plaintiff to surmount the bars created by sovereign immunity and by the historic prohibitions against injunctions or declaratory relief in federal tax matters * *." Falik v. United States, 343 F.2d 38, 40 (2d Cir. 1965).

■■  Camouflage removed, the complaint really is addressed to the alleged fraudulent and deceitful conduct on the part of the United States, which under ordinary circumstances would give rise to an action for fraud. Taking the plaintiffs' allegations as factual, as must be done on this motion, they are still without a remedy, since claims arising out of misrepresentation or deceit are excepted from the jurisdiction accorded the court by section 1346(b) of Title 28.[1]

For the reasons stated herein, the defendant's motion to dismiss the complaint herein is granted and it is

Ordered that the complaint herein be and the same hereby is dismissed.

---

1. § 1346. United States as defendant
   * * * * *
   (b) Subject to the provisions of chapter 171 of this title, the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
   § 2680. Exceptions
   The provisions of * * * section 1346 (b) of this title shall not apply to—
   * * * * *
   (h) Any claim arising out of * * * misrepresentation, deceit, or interference with contract rights.