Samuel M. JORRIE, Individually, et al., Plaintiffs,

v.

IMPERIAL INVESTMENT COMPANY, a Texas corporation, et al., Defendants.

Civ. A. No. SA-72-CA-182.

United States District Court, W. D. Texas, San Antonio Division.

March 6, 1973.

Daniel R. Rutherford, San Antonio, Tex., for plaintiffs.

C. W. Trueheart and K. Key Hoffman, Jr., San Antonio, Tex., Michael B. Andolina, General Litigation Section Tax Division, Department of Justice, Washington, D. C., William S. Sessions, U. S. Atty., by C. J. Calnan, Asst. U. S. Atty., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WOOD, District Judge.

This cause having come on for hearing on the 15th day of February, 1973, upon the *Motion to Dismiss Plaintiff's First Amended Complaint* filed by the defendants, United States of America and R. L. Phinney, District Director of Internal Revenue Service and the *Suggestion of Want of Jurisdiction* filed by the defendants, William H. Forney and Imperial Investment Company, this Court, after reviewing the memoranda of law submitted by counsel, and upon hearing the argument of counsel, does hereby find, determine and adjudge, for the reasons hereinafter set forth, that this Court lacks jurisdiction to entertain this action and that, accordingly, *Plaintiff's First Amended Complaint* should be and is hereby dismissed with prejudice.

Although the allegations of the *Plaintiff's First Amended Complaint* are not free from ambiguity, it appears that the present action arises from the efforts of the United States of America, by and through its Internal Revenue Service, to collect the joint federal income tax liability incurred by the defendant, William H. Forney, and the plaintiff, Anne Forney Jorrie, who was the wife of William H. Forney at the time the subject tax liability was incurred. It is alleged by the plaintiffs that in an attempt to collect the joint liability of Mr. Forney and his wife, the Internal Revenue Service served "Notices of Levy" seeking thereby to seize the proceeds of the bank accounts of the Jorries. It is asserted by the plaintiffs that Mr. Jorrie voluntarily honored these levies and thus satisfied the federal income tax liability incurred by his wife, the former Mrs. Forney. This purportedly gives rise to the plaintiffs' claim for money damages against the defendants, United States of America and R. L. Phinney, District Director of Internal Revenue Service. Plaintiffs' claim for money damages against the defendants, William H. Forney and Imperial Investment Company, allegedly arises in part from the payment of the aforementioned tax liability and in part from an unsatisfied judgment entered in their favor against William H. Forney in the 73rd Judicial District Court of and for Bexar County, Texas.

The plaintiffs further allege that by virtue of Mr. Jorrie's payment of his wife's federal tax liability, an agent of the Internal Revenue Service agreed that Mr. Jorrie would be subrogated to the rights of the Internal Revenue Service against William H. Forney, and, would acquire thereby a "tax lien" on all the property of Mr. Forney, including his rights to certain oil and gas leases on property located in Bexar County, Texas more particularly described in *Plaintiff's First Amended Complaint.* Plaintiffs have asserted, however, that the Internal Revenue Service, in derrogation of this purported agreement has taken an assignment from the defendant, William H. Forney, of his rights in the subject oil and gas leases, thereby destroying the priority of their "tax lien," which purported assignment constituted a fraud upon the plaintiffs. Based on the foregoing allegations, the *Plaintiff's First Amended Complaint* seeks: (1) a money judgment against the defendants; (2) the imposition of a constructive trust in favor of the plaintiffs upon the rights, if any, of William H. Forney and/or the United States in

the subject property; and (3) the adjudication by this Court that the plaintiffs' "tax lien obtained by subrogation is superior to the rights of the defendants. *Plaintiff's First Amended Complaint* propounds three separate statutes upon which the jurisdiction of this Court to entertain the present action is based—Sections 1346(a), 2465, 2674 of Title 28, United States Code. Counsel for the plaintiffs has apprised this Court that the plaintiffs have abandoned their reliance on Sections 2465 and 2674—a position well taken since neither of the aforementioned statutes, even under the most liberal of interpretations, could possibly be considered applicable to this proceeding. Thus, the jurisdictional argument is reduced to the applicability of Section 1346(a). The defendants have urged, and this Court agrees, that Section 1346(a) is insufficient to confer jurisdiction upon this Court over the sovereign, United States of America, and the absence of the sovereign from the present suit precludes jurisdiction of the remaining controversy between the Jorries and Mr. Forney.[1]

■ ■ It is a traditionally honored principle of law that the United States, as sovereign, is immune from suit except when Congress, by specific statute has waived sovereign immunity. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941). The terms set forth in the Congressional consent to be sued define the jurisdiction of a court to entertain a suit against the United States and, in the absence of clear language evidencing such consent, a court lacks jurisdiction over the United States and the suit must accordingly be dismissed. Mitchell v. Riddell, 402 F.2d 842 (C.A.9, 1968), cert. denied 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969). Plaintiffs would urge that Section 1346(a)(1) contains the requisite waiver of sovereign immunity to sustain the present action—we disagree.

■ ■ Section 1346(a)(1) of Title 28, United States Code contains a general grant of concurrent jurisdiction to the district courts and the Court of Claims to entertain "any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously and illegally assessed or collected." Section 7422 of the Internal Revenue Code of 1954 (26 U.S.C., § 7422) lists the requirements necessary before a civil suit for refund under the authority of Section 1346(a)(1) may be maintained. These statutory pronouncements must be taken in conjunction and are not, as plaintiffs would urge, separate waivers of sovereign immunity, each with different requirements. Thus taken in conjunction, these statutory pronouncements constitute a waiver of the sovereign immunity of the United States in an action for refund (Eighth Street Baptist Church, Inc. v. United States, 431 F.2d 1193 [C.A.10, 1970]) and as such are subject to any and all limitations and restrictions Congress has seen fit to impose thereon (Bates Manufacturing Co. v. United States, 93 F.2d 721 [C.A.1, 1938]). An examination of the restrictions imposed by Congress upon the right to maintain a civil action for refund will illustrate that the plaintiffs have failed to bring themselves within the unambiguous language of Section 1346(a)(1).

■ The first, and certainly most fundamental of the requirements of Section 1346(a)(1) is that the suit may be maintained only by the taxpayer against whom the tax was assessed. Ceravolo & Comis, Inc. v. United States, 266 F.Supp. 215 (N.D.N.Y., 1967). It is admitted by the plaintiffs that the federal tax liability in question was assessed against the plaintiff, Anne Jorrie and her husband at that time, the defendant, William H. Forney. Therefore, if there is any cause of action at all under Section 1346(a)(1), it would have had to be maintained by Mrs. Jorrie solely and

---

1. There is no doubt that if the sovereign is dismissed from this suit the action would not, as a controversy between citizens of the same state which does not involve a federal question, be properly within the federal judiciary.

against the United States of America solely. It will be seen, however, that the remaining requirements of Section 1346(a)(1) have not been satisfied and the suit must fail in its entirety. The avowed purpose of a civil suit for refund is the recovery of any internal revenue tax "erroneously and illegally assessed and collected." It is essential, then, that the plaintiffs allege that the subject tax was assessed and collected illegally. *Plaintiff's First Amended Complaint* is entirely devoid of such language. In fact, the plaintiffs have alleged at least twice that the taxes were "due and owing to the United States." (See, paragraph V of *Plaintiff's First Amended Complaint*.) Further, it must be noted that the plaintiffs have failed to allege, with particularity, the nature of the claim upon which they support their right to refund. Commonwealth Trust Company of Pittsburgh v. United States, 96 F.Supp. 712 (W.D.Pa., 1951). Finally, and perhaps most persuasive, the plaintiffs have not prayed for a refund of taxes paid. Moreover, they have prayed for an undetermined money judgment. Nowhere in *Plaintiff's First Amended Complaint* do plaintiffs request the relief authorized by Section 1346(a)(1). For these reasons, it is the opinion of this Court that the plaintiffs cannot rely upon Section 1346(a)(1) to provide the requisite waiver of sovereign immunity to sustain their claim for money damages against the sovereign.

■ Counsel for the plaintiffs has asserted that dismissal of this action would be highly inequitable since it would leave plaintiffs without a legal remedy. This is not the case, however. If Mrs. Jorrie was forced to pay a tax assessed against her then she would be entitled to maintain a suit for refund, providing of course, that she complies with the requirements of Section 1346(a)(1) as set forth above. Further, if it is the plaintiffs' contention that

Mr. Jorrie satisfied the subject tax liability pursuant to a levy upon his property, then he would possibly have a cause of action under Section 7426 of the Internal Revenue Code of 1954 (26 U.S.C., § 7426), which allows a non-taxpayer to maintain a civil suit for the recovery of property allegedly wrongfully levied upon.[2] It cannot be said, then, that the plaintiffs are hereby being deprived of their only remedy at law.

■ Turning now to the request of the plaintiffs to have this Court impress a constructive trust in their favor upon the rights of the defendant, William H. Forney, and/or the United States, to the oil and gas leases upon the subject property, it can be seen that there is similarly no statutory authority authorizing the granting by this Court of that relief. Plaintiffs' reliance upon Section 1346(a)(2) is misguided since that Section, by its very terms, must be founded upon a contract with the United States not exceeding $10,000.00. Although this Court is not persuaded by plaintiffs' allegations that an agent of the United States entered into a contractual agreement to give plaintiffs a subrogated "tax lien," it is clear that if there were such a contract it was in an amount in excess of $10,000.00 (the amount paid by the Jorries to the Internal Revenue Service). Accordingly, Section 1346(a)(2) does not provide the requisite waiver of sovereign immunity sought by plaintiffs to justify this Court impressing a constructive trust in their favor.

Finally, plaintiffs seek a determination by this Court that their "tax lien" be held superior to the rights of the defendants, including the sovereign to the subject property. Plaintiffs have advanced no statutory authority in support of the jurisdiction of this Court to grant such relief. Indeed, none can be found. The only statutory authority even remotely related hereto is Section 2410 of

---

2. It would appear, however, that any action maintained under the authority of Section 7426 would most likely be barred in view of the fact that a suit thereunder must be maintained within nine months of the alleged wrongful levy. See, Section 6532(c)(1) of the Internal Revenue Code of 1954. (26 U.S.C., § 6532(c)(1)).

Title 28, United States Code, which provides that the United States may be named as a party defendant in specified types of civil actions involving property on which the United States has or claims a "mortgage or other lien." However, an examination of that Section will illustrate that there are only five classes of actions permitted under Section 2410: (1) quiet title; (2) mortgage or lien foreclosure; (3) partition; (4) condemnation; and (5) interpleader. Certainly the present suit does not qualify as one of these permissible actions.

■■■ Not only is there a complete absence of statutory authority sustaining plaintiffs' last prayer for relief, it can be seen that such relief is specifically prohibited by Section 2201 of Title 28, United States Code. It is obvious that plaintiffs are seeking a declaration by this Court that: (1) they have a viable lien; and (2) such lien is superior to that of the United States. Section 2201, commonly referred to as Declaratory Judgment Act, provides that the federal courts may make declarations as to the rights and legal relations of the parties "in a case of actual controversy within its jurisdiction, except with respect to Federal taxes." (Emphasis supplied.) Thus, this Court is expressly prohibited from making the declarations sought by plaintiffs herein. Carmichael v. United States, 245 F.2d 676 (C.A.5, 1957).

There is, therefore, no Congressional consent to sue the United States in the present action. This Court accordingly lacks jurisdiction over the sovereign in this action, which must be dismissed. Having so dismissed the sovereign, there is no independent jurisdiction to sustain the remaining controversy and the suit must therefore be dismissed in its entirety.

It is therefore ordered and adjudged that the *Plaintiff's First Amended Complaint* be and is hereby dismissed with prejudice.

The defendants shall recover their costs herein.