**MILL FACTORS CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 74 Civ. 3287.**

United States District Court,
S. D. New York.

March 19, 1975.

**388**

Weil, Gotshal & Manges, New York City, N.Y. for plaintiff by Joel B. Harris, Martin B. Amdur, Neal A. Schwarzfeld, Kenneth H. Heitner, New York City, of counsel.

Paul J. Curran, U.S. Atty., S.D.N.Y., for defendant; David P. Land, Asst. U.S. Atty., of counsel.

### MEMORANDUM

BONSAL, District Judge.

Plaintiff, Mill Factors Corporation ("Mill Factors"), a Delaware corporation which was dissolved on or about October 11, 1971, commenced this action on July 30, 1974 against the United States of America. Jurisdiction is asserted under 28 U.S.C. §§ 1340 and 1346 (a)(1). The government now moves pursuant to F.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of jurisdiction over the subject matter.

The following facts are alleged in the complaint:

As of January 1, 1970 Vamco, Inc. ("Vamco") and certain related corporations were indebted to Mill Factors for approximately $12 million, which indebtedness was secured in part by a lien on certain of Vamco's assets. On or about June 2, 1970, Mill Factors foreclosed on its lien and took possession of Vamco's property. The property was subsequently sold to Valley Industries, Inc.

In the latter part of 1970, the Internal Revenue Service ("IRS") made an assessment against Vamco in the amount of $85,196.41 for its alleged failure to withhold and deposit certain income, unemployment, and social security taxes during the six months ended June 30, 1970. A notice and demand for the taxes alleged to be due was served on Vamco on or about September 18, 1970. Vamco at that time had no assets.

On or about October 29, 1970 IRS attempted to levy upon Vamco property allegedly held by Mill Factors. However, by that time all such property had been sold. Mill Factors was subsequently advised by IRS that in view of its alleged control over Vamco's operations, Mill Factors would be treated by IRS as Vamco's "nominee" or "alter ego" and would be held responsible for payment of Vamco's assessed income, unemployment, and social security taxes. However, IRS never made an assessment directly against Mill Factors.

· Upon being apprised of IRS's intention to levy against its assets, Mill Factors deposited in account number 027–1–060733 at a branch of the Chase Manhattan Bank, N.A., funds sufficient to make payment in the event of such a levy. On or about February 2, 1971 IRS levied on the bank account in the amount of $85,196.41. The notice of levy denominated Mill Factors as the "Nominee of Vamco" and referred to Mill Factors as the "taxpayer." (Exhibit A to the Complaint.)

A claim for wrongful levy was filed by Mill Factors on or about October 5, 1971 (Exhibit B to the Complaint) and was rejected by letter dated July 31, 1972. The letter, a copy of which is annexed to the Complaint as Exhibit C, states:

"This refers to your claim for refund filed on October 15, 1971 alleging that a Notice of Levy served upon the Chase Manhattan Bank, New York, New York against an account of Mills [sic] Factors Corp., New York, New York, as the nominee of Vamco, Inc., West Springfield, Massachusetts was wrongful within the meaning of the Internal Revenue Code of 1954, Section 6343 (b).

Your claim for refund is hereby rejected.

It should be noted that you have a period of six months from the date of this rejection to institute suit."

On or about January 30, 1973 Mill Factors filed a claim for refund (Exhibit D to the Complaint), and to date no response has been received.

 Mill Factors asserts that this Court has jurisdiction to entertain the present action under 28 U.S.C. § 1346 (a)(1),[1] which provides in relevant part:

"The district courts shall have original jurisdiction, concurrent with the Court of Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

It has been held that only a taxpayer may sue the United States under 28 U.S.C. § 1346(a)(1) and that a person who owns or has an interest in property which is levied upon to satisfy the tax assessment of another is not a taxpayer. Phillips v. United States, 346 F.2d 999 (2d Cir. 1965); First National Bank v. United States, 265 F.2d 297 (3d Cir. 1959); Jorrie v. Imperial Investment Co., 355 F.Supp. 1088 (W.D.Texas 1973); St. Paul National Bank v. United States, 320 F.Supp. 1066 (S.D.Iowa 1970), Ceravolo & Comis, Inc. v. United States, 266 F.Supp. 215 (N.D.N.Y.1967).[2] However, even though conceding that no assessment against it was made directly, Mill Factors contends that in this case it should be allowed to maintain suit under 28 U.S.C. § 1346(a)(1) because IRS made representations that it was treating Mill Factors as the "nominee" or "alter ego" of Vamco.

Whatever weight might be given to the alleged IRS representations that it was treating Mill Factors as the "nominee" or "alter ego" of Vamco, it is clear from the Complaint and the exhibits annexed thereto that IRS never misled Mill Factors as to its appropriate remedy. *Cf.* Miller v. United States, 500 F.2d 1007 (2d Cir. 1974). Mill Factors initially proceeded on the theory that its remedy was one for wrongful levy pursuant to 26 U.S.C. § 7426(a)(1), which is discussed below, and filed a claim for wrongful levy (Exhibit B to the Complaint). Although IRS in rejecting the claim for wrongful levy referred to it in the letter of July 31, 1972 (Exhibit C to the Complaint) as a claim for refund, IRS expressly pointed out that Mill Factors had six months from the date of the rejection to institute suit, evidently referring to the period of limitations for wrongful levy. See 26 U.S.C. § 6532(c). Nevertheless, in spite of this direct advice, Mill Factors did not commence suit until July 30, 1974, two years later. The Complaint fails to show that subject matter jurisdiction exists under 28 U.S.C. § 1346(a)(1).

 To afford a remedy to a person whose property is levied upon to satisfy the tax assessment of another, Congress in 1966 enacted 26 U.S.C. § 7426(a)(1), which provides in relevant part:

"If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.[3]

1. Plaintiff also alleges jurisdiction under 28 U.S.C. § 1340. However, this section is a general grant of jurisdiction to entertain civil actions "arising under any Act of Congress providing for internal revenue" and not a consent of the United States to be sued. First National Bank v. United States, 265 F.2d 297 (3d Cir. 1959).

2. Insofar as Adams v. United States, 380 F. Supp. 1033 (D.Mont.1974) and McMahon v. United States, 172 F.Supp. 490 (D.R.I.1959) may hold to the contrary, the Court declines to follow them.

3. The Report of the Senate Finance Committee in support of 26 U.S.C. § 7426 stated: "Present law is quite limited in the extent to which it takes into account the rights of

Pursuant to 26 U.S.C. § 6532(c) the period of limitation for suit under 26 U.S.C. § 7426 in a case where a claim for wrongful levy has been made is the shorter of 12 months from the date of filing such claim or 6 months from the date of mailing a notice of disallowance. In the present action, Mill Factors filed its claim for wrongful levy on or about October 5, 1971 and the claim was rejected on July 31, 1972. Suit was not commenced until July 30, 1974, almost 34 months after the claim was filed and two years after its rejection. Mill Factors' claim under 26 U.S.C. § 7426 (a)(1) is therefore time-barred.[4] The government's motion to dismiss is granted.

Settle order on notice.

third parties in the procedures set out in the tax laws for the collection of taxes from a taxpayer. Under present law, for example, the United States cannot be sued by third persons where its collection activities interfere with their property rights. This includes cases where the Government wrongfully levies on one person's property in attempting to collect from a taxpayer."

S.Rep.No.1708, 89th Cong., 2d Sess., 3 U.S. Code Cong. & Admin.News pp. 3722, 3750 (1966).

4. Although IRS was apparently incorrect in stating in its notice of disallowance that Mill Factors had six months from the date of rejection to institute suit, Mill Factors was not prejudiced because it failed to commence suit even within this six-month period.