**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**TENNESSEE AIR POLLUTION CONTROL BOARD, Defendant–Appellee.**

No. 97–5715.

United States Court of Appeals, Sixth Circuit.

Argued: June 11, 1998

Decided and Filed: July 22, 1999

---

William L. Deneke, Assistant U.S. Attorney, Nashville, Tennessee, John T. Stahr, U.S. Department of Justice, Land & Natural Resources Division, Washington, D.C., Naikang Tsao (argued and briefed), Evelyn S. Ying (briefed), U.S. Department of Justice, Environment & Natural Resources Division, Washington, D.C., for Plaintiff–Appellant.

Barry Turner (argued and briefed), Office of the Attorney General, Environmental Division, for Defendant–Appellee.

Susan E. Ashbrook (briefed), April R. Bott (briefed), Office of the Attorney General of Ohio, Environmental Enforcement Section, Columbus, Ohio, for Amicus Curiae State of Ohio, State of Arkansas, State of Colorado, State of Connecticut, State of Hawaii, State of Idaho, State of Illinois, State of Iowa, State of Minnesota, State of Montana, State of Nevada, State of New Mexico, State of New York, State of North Carolina, State of Virginia, State of Washington, State of West Virginia.

Kathleen C. Walsh (briefed), Leslie M. Krinsk (briefed), State of California Air Resources Board, Sacramento, California, Michael W. Neville (briefed), Office of the Attorney General, Department of Justice, San Francisco, California, for Amicus Curiae State of California Air Resources Board.

Terence G. Dutton (briefed), Office of County Counsel for San Diego County, San Diego, California, Robert N. Kwong (briefed), Bay Area Quality Management District, San Francisco, California, Catherine M. Spinelli (briefed), Sacramento Metropolitan Air Quality Management District, Sacramento, California, William M. Dillon (briefed), Santa Barbara County Counsel's Office, Santa Barbara, California, for Amicus Curiae Santa Barbara County Air Pollution Control District, Sacramento Metropolitan Air Quality Management District, Bay Area Air Quality Management District, San Diego County Air Pollution Control District.

Before: NELSON and RYAN, Circuit Judges; ROSEN, District Judge.*

## OPINION

DAVID A. NELSON, Circuit Judge.

This is an appeal from a judgment in which the district court declined to set

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

aside a $2,500 civil penalty assessed by an administrative agency of the State of Tennessee against the United States Army for failure to comply with Tennessee's air pollution regulations. At issue is the extent to which the federal government's sovereign immunity has been waived by §§ 118(a) and 304(e) of the Clean Air Act, 42 U.S.C. §§ 7418(a) and 7604(e). Concluding, as did the district court, that the Clean Air Act unambiguously waives sovereign immunity as to civil penalties such as the one in question here, we shall affirm the challenged judgment.

I

The Technical Secretary of the Tennessee Air Pollution Control Board imposed a civil penalty of $2,500 against the United States Army for violations of the Tennessee Air Quality Act at the Milan Army Ammunition Plant in Milan, Tennessee. The United States does not dispute the fact that the Army violated the Tennessee Act in failing to give notice of its intent to remove certain pipe containing asbestos insulation. It is also undisputed that the Army failed to comply with Tennessee's asbestos handling rules.

After an administrative appeal, the Tennessee Air Pollution Control Board issued a final decision and order rejecting a defense of sovereign immunity and upholding the assessment. The Board stayed execution of its order, however, to allow the United States to seek judicial review. The United States then filed the present declaratory judgment action in federal court.

Based on a Clean Water Act case, *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992), the United States took the position that although sovereign immunity has been waived to the extent that a state may seek injunctive relief against the United States for a present violation of state air pollution standards—and may impose a fine incident to the injunction to secure prospective compliance—civil monetary penalties may not be imposed against the United States for past violations. On cross-motions for summary judgment the district court rejected this position and entered judgment in favor of the Board. See *United States v. Tennessee Air Pollution Control Bd.*, 967 F.Supp. 975 (M.D.Tenn.1997). The present appeal followed.

II

▮ Any waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Such a waiver must be strictly construed in favor of the United States. *Id.* The Clean Air Act, as we read it, meets these stringent rules; its text unequivocally and unambiguously effects a waiver of sovereign immunity extending to the civil penalty in question here.

▮ The Clean Air Act permits any person to bring "a citizen suit" to enforce the federal clean air laws against "any person (including (i) the United States ... )." 42 U.S.C. § 7604(a).[1] Under a subsequent subsection, 42 U.S.C. § 7604(e)—a subsection that may be thought of as the "state suit" provision—states as such are expressly empowered to bring enforcement actions against the United States under state air pollution laws and to obtain "any judicial remedy or sanction" or "any administrative remedy or sanction." The

---

1. In *United States Dep't of Energy*, Justice Souter considered the effect of the citizen suit sections of the Clean Water Act on sovereign immunity and concluded that "to the extent they waive federal immunity at all, [the citizen suit sections] waive such immunity only from federal-law penalties." 503 U.S. at 613 n. 5, 112 S.Ct. 1627. As we shall see, the same cannot be said of the "state suit" provision of the Clean Air Act, 42 U.S.C. § 7604(e), which waives sovereign immunity with regard to administrative remedies or sanctions imposed by a state against the United States under state or local law respecting control and abatement of air pollution.

text of § 7604(e) reads, in relevant part, as follows:

"... *Nothing in this section or in any other law of the United States shall be construed to prohibit*, exclude, or restrict *any State*, local, or interstate authority *from*—

(1) bringing any enforcement action or obtaining any judicial remedy or sanction in any State or local court, or

(2) *bringing any administrative enforcement action or obtaining any administrative remedy or sanction in any State or local administrative agency*, department or instrumentality,

*against the United States ... under State or local law respecting control and abatement of air pollution*. For provisions requiring compliance by the United States ... in the same manner as nongovernmental entities, see section 7418 of this title." 42 U.S.C. § 7604(e) (emphasis supplied).[2]

The words "any administrative remedy or sanction," as used in § 7604(e)(2), clearly encompass the civil penalty imposed by the Board in the case at bar. The Board's enforcement authority is not limited to prospective, coercive action,[3] nor is it restricted by "any other law," including the law relating to sovereign immunity.

The United States argues that the state suit provision is not an affirmative waiver of sovereign immunity. What the statute says, however, is this: "Nothing in this section or in any other law of the United States shall be construed to prohibit ... any State ... from ... bringing any administrative enforcement action or obtaining any administrative remedy or sanction in any State or local administrative agency ... against the United States ... under State or local law respecting control and abatement of air pollution." 42 U.S.C. § 7604(e). "[Any] other law" obviously includes the law of sovereign immunity, so this sentence tells us that nothing in the law of sovereign immunity shall be construed to prohibit any state from obtaining any administrative remedy or sanction against the United States. As we read it, this is a clear waiver of sovereign immunity.

The United States argues that § 7604(e) cannot effect a waiver of immunity by itself because it is merely a savings clause. Again, we disagree.

The first sentence of § 7604(e) is indeed a standard savings clause, one found in a number of statutes, including the Clean Water Act:[4] "Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency)." 42 U.S.C. § 7604(e). See also *Milwaukee v. Illinois and Michigan*, 451 U.S. 304, 328 n. 21, 101 S.Ct. 1784, 68 L.Ed.2d

2. The United States argues in its opening brief that because the Tennessee Air Pollution Control Board never invoked § 7604(e), there is no case or controversy with respect to that section. As the Board's brief points out, however, the Board simply rejected an assertion by the *United States* that sovereign immunity was not waived under a different section of the statute, 42 U.S.C. § 7418(a). A case or controversy is presented by the instant declaratory judgment suit, as the Board further notes, and the Board has consistently argued in this suit that civil penalty immunity is waived by both § 7604(e) and § 7418(a). The United States makes no attempt to resurrect its "case or controversy" argument in its reply brief, and we are satisfied that the argument is without merit.

3. To construe "any administrative remedy or sanction" as limited to prospective, coercive action would be to render § 7604(e)(2) virtually meaningless, since administrative agencies are seldom empowered to take prospective, coercive action. See *Interstate Commerce Comm'n v. Brimson*, 154 U.S. 447, 485, 14 S.Ct. 1125, 38 L.Ed. 1047 (1894) (holding an agency does not have the "authority to compel obedience to its orders by a judgment of fine"). *Cf.* F. Cooper, 1 *State Administrative Law* 297–98 (2d ed.1965); B. Schwartz, *Administrative Law* § 2.27 at 94–95 (3d ed.1991).

4. See 33 U.S.C. § 1365(e).

114 (1981), and the statutes cited therein. But unlike the Clean Water Act, the Clean Air Act goes on to provide, among other things, that neither the citizen suit provision in § 7604(a) nor "any other law" shall restrict states from obtaining any judicial or administrative remedy or sanction. If words have meaning, this says that no law shall restrict the State of Tennessee from obtaining any administrative remedy or sanction against a federal air polluter.

The Clean Air Act also contains a waiver of sovereign immunity couched in these terms:

> "Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge of air pollutants, and each officer, agent, or employee thereof, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of air pollution in the same manner, and to the same extent as any nongovernmental entity. The preceding sentence shall apply ... to any process and sanction, whether enforced in Federal, State, or local courts, or in any other manner...." 42 U.S.C. § 7418(a).

This subsection, commonly called the "federal facilities provision," goes on to provide that compliance is required "notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law." Id. The district court concluded that the federal facilities provision of the Clean Air Act constitutes a waiver of sovereign immunity with respect to the civil penalty in question here, just as the state suit provision does. We are sympathetic to the court's conclusion, but we

find it unnecessary to decide the question in light of our reading of the state suit provision, 42 U.S.C. § 7604(e).

The United States contends that § 7604(e) is solely dependent on § 7418. This argument is based on the last sentence of § 7604(e), which reads as follows: "For provisions requiring compliance by the United States ... in the same manner as nongovernmental entities, see section 7418 of this title." The preceding sentence of § 7604(e), however, clearly provides that no law shall be read to restrict a state's authority to pursue "any judicial remedy or sanction" or "any administrative remedy or sanction" against the United States under the state's air pollution laws. The subsequent reference to the federal facilities provision simply reminds the reader that § 7418 defines the United States' burden to comply with state laws; it is § 7604 that expansively and unambiguously removes any impediment to enforcement in the event of noncompliance.

### III

Despite the seemingly plain language of the Clean Air Act, the United States argues that *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992), in which the Supreme Court interpreted the sovereign immunity provisions of the Clean Water Act as not extending to civil penalties imposed against the United States for past violations, mandates reversal of the district court's judgment. We find the argument unpersuasive.

Although the Clean Water Act contains no counterpart to the Clean Air Act's state suit provision, it does contain a federal facilities provision closely analogous to that of the Clean Air Act. See 33 U.S.C. § 1323.[5] Both facilities provisions apply

---

5. Section 1323 states:

"(a) Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any prop-

erty or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be

"notwithstanding any immunity." The one significant difference between the two provisions lies in the addition of the following clause in the Clean Water Act: "... and the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court." 33 U.S.C. § 1323(a). The Clean Water Act thus contains an express limitation, not found in the Clean Air Act, on the liability of the United States for civil penalties.

Construing § 1323 narrowly, the Supreme Court held that the linkage of the word "sanctions" with the word "process" in the sentence saying that every federal department shall comply with all state and local "process and sanctions" indicates that the Clean Water Act contemplates only "forward-looking orders" in the equitable tradition of "coercive sanctions for contempt." *United States Dep't of Energy,* 503 U.S. at 623, 112 S.Ct. 1627. While recognizing that the waiver could be read more broadly, the Court held that the language of the statute expresses an unequivocal waiver only as to coercive sanctions, as opposed to punitive penalties. The United States contends that *United States Dep't of Energy* controls the case at bar because the Clean Air Act contains the same pairing of "process and sanctions" and because there is no reason to read the word "sanctions" in the Clean Air Act as meaning anything other than what it means in the Clean Water Act.

The federal facilities provisions of the two statutes may not be read in isolation, however; each provision must be interpreted in light of the remainder of the statute of which it is a part. Significantly, as we have said, the Clean Water Act contains no counterpart to § 7604(e) of the Clean Air Act, the subsection that authorizes states to "bring[ ] any enforcement action or obtain[ ] any judicial remedy or sanction in any State or local court" or "bring[ ] any administrative enforcement action or obtain[ ] any administrative remedy or sanction in any State or local administrative agency, department or instrumentality, against the United States."

Just as the Supreme Court cautioned us, in *United States Dep't of Energy,* to be mindful of the context of the word "sanctions" in the Clean Water Act, we must be mindful of the context of the federal facilities provision in the Clean Air Act. See *United States Dep't of Energy,* 503 U.S. at 622, 112 S.Ct. 1627 (holding the context of "sanctions" provided "a clarity that the term lacks in isolation"). Even if "sanction" when paired solely with "process" is limited to coercive penalties, the phrase "any administrative remedy or sanction"— the phrase found in § 7604(e)—is not so limited. "[A]ny administrative remedy or sanction" means precisely that, and a respectable argument can be made, we believe, that "sanction" in § 7418(a) has the same non-restrictive meaning it obviously has in § 7604(e). We do not rest our decision on this argument, however, because we believe § 7604(e) is dispositive in any event.

### IV

In view of the significant differences between the Clean Water Act and the Clean Air Act, we reject the United States' argument that *United States Dep't of Energy* is controlling here. In 42 U.S.C. § 7604(e), we conclude, the Clean Air Act contains a waiver of sovereign immunity broad enough to encompass the adminis-

---

subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. The preceding sentence shall apply ... to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner.... [T]he United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court...."

trative penalty assessed by the Board against the United States.

**AFFIRMED.**