**UNITED STATES of America,
Plaintiff,**

v.

**Lawrence M. KAIGLER and Patsy D. Kaigler, Defendants.**

**No. 1:99CV1345.**

United States District Court,
N.D. Ohio,
Eastern Division.

May 31, 2000.

Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, Joseph L. Meadows, Department of Justice—Tax Division, Washington, DC, for United States of America, plaintiff.

Lawrence M. Kaigler, Bratenahl Village, OH, for defendants.

*MEMORANDUM OF OPINION AND ORDER RE: DENYING DEFENDANTS' MOTION TO RETURN FUNDS*

MATIA, Chief Judge.

The within matter is before the Court on defendants' motion to return funds wrongfully seized from a third party (Doc. 17). The Court has considered defendants' motion, the materials in support of the motion, and the reply memorandum (Doc. 20). The Court has also considered plaintiff's memorandum in opposition (Doc. 19). For the reasons set forth below, the Court will *DENY* defendants' motion.

## I. Background

Beginning in 1989, the Internal Revenue Service ("IRS") made assessments against Lawrence and Patsy Kaigler for joint federal income tax liabilities, related penalties, and interest. All told, the IRS made four assessments against the Kaiglers, showing tax liabilities in four separate fiscal years.[1] With each assessment the IRS issued notice and demands for payment to the Kaiglers. Despite these notices, the Kaiglers failed to pay. On June 3, 1999, the United States filed this action to reduce the assessments of federal tax liabilities to judgment pursuant to 26 U.S.C. § 7401.

Unfortunately for the Kaiglers, their financial problems did not end with federal taxes. In 1997, residential property once owned by Lawrence Kaigler became the subject of a foreclosure action in state court. Upon notice of the foreclosure, the IRS placed a federal tax lien on the property to recoup the Kaiglers' tax debt. The foreclosed property sold via sheriff's sale on November 8, 1999. In accord with the tax lien, the IRS seized proceeds from the sale and applied that amount to the assessments. At the status hearing in the instant case, the IRS proposed dismissing this action because the levied funds satisfied the Kaiglers' tax obligations in full.

The Kaiglers declined the United States' offer to end this suit. Not only did Lawrence Kaigler refuse to stipulate to a dismissal,[2] but he charged the IRS with wrongfully seizing funds from the foreclosure sale. Mr. Kaigler explained that his mother, Edith Kaigler, owned the foreclosed property due to a quit-claim deed executed in 1987. (Mot. to Return Funds (Doc. 17) Ex. B) As such, Mr. Kaigler believed that the IRS improperly applied proceeds from the sale of his mother's property to the tax assessments involved in this suit.

While Mr. Kaigler's desire to resolve his mother's property rights is understandable, the manner in which he sought resolution was unusual. Rather than assisting his mother with a possible claim for relief,[3] Mr. Kaigler urged the Court to allow him to resolve the issue in this action—an action where Edith Kaigler was not a party. Further, Mr. Kaigler argued that a "motion to return funds" was the most appropriate course of action. Notwithstanding the fact that the motion appeared to be asserting a new claim, the United States questioned the Court's ability to hear the motion within the confines of this action. At the status hearing, Mr. Kaigler assured the Court that he had authority supporting his position and was granted leave to file the motion.[4]

---

1. The IRS made assessments in 1989, 1991, 1995 and 1996, for tax years 1988, 1990, 1994 and 1995, respectively. The Kaiglers owed approximately $51,357.96. (Compl.(Doc.1) at 2.)

2. The parties entered into a stipulation of judgment on April 5, 2000 (Doc. 21). While the parties reached an agreement as to the tax assessments, the stipulation did not address the Kaiglers' motion and counterclaim.

3. Lawrence Kaigler is a member of the Ohio bar and has represented his own interests throughout this matter.

4. While Mr. Kaigler has clearly controlled the course of this litigation for defendants, it is worth noting that he does not represent his wife, Patsy Kaigler. Citing a potential conflict of interest, the Court disqualified Mr. Kaigler from representing his wife. (Order Disqualifying Counsel of 10/4/99 (Doc. 13).)

## II. Discussion

For the reasons that follow, the Court finds that the "motion to return funds" is not the appropriate mechanism to achieve a remedy for Edith Kaigler. First, the motion is not a motion at all; rather, it clearly raises new claims out of rule. More important, the plain language of the tax code and the cases interpreting that language weigh against granting the motion. While Mr. Kaigler prudently acknowledges that his request is unusual, he fails to cite anything that would indicate this Court's ability to deviate from staunch precedent. In short, Mr. Kaigler's assertion that the IRS illegally collected funds from Edith Kaigler cannot overcome both the procedural and substantive obstacles facing his motion.

### A.

Procedurally, Mr. Kaigler's filing appears to be more amended pleading than motion. The Court can only conclude that the document is pleading a new cause of action under 28 U.S.C. § 1346(a)(1) or 26 U.S.C. § 7426. Not only does the motion cite these statutes as bases for relief, but claims under those statutes are the only avenue to the refund Mr. Kaigler seeks. While mistakenly calling a pleading a motion will not bar Mr. Kaigler's claim, the form and timing of the motion prevent the Court from treating it as an amended pleading.

■ First, the motion runs afoul of the pleading requirements detailed in Fed.R.Civ.P. 7(a) and 8. Simply put, the form of the motion does not satisfy the minimal standards for federal pleadings. More important, even if the Court were to ignore form and treat the motion as a pleading, Mr. Kaigler's claims are untimely. As

counsel for the United States correctly raised at the status hearing and in his memorandum, the period for amending the pleadings expired prior to Kaigler's claim for relief.

Fed.R.Civ.P. 15(a) prohibits parties from amending the pleadings without obtaining leave from the Court.[5] This matter, however, has progressed beyond the point where the Court would grant leave to amend the pleadings and add parties. Not only does the Court find Mr. Kaigler's motion to be an amended pleading filed without leave in violation of Fed.R.Civ.P. 15(a), but it is worth noting that the motion goes against this Court's Case Management Plan. The Case Management Plan specifically ordered the parties to complete all amended pleadings and joinder of parties by January 26, 2000. (Case Management Plan (Doc. 12) at 2.) Mr. Kaigler filed his motion on February 14, 2000. Given that the motion contravenes both the federal rules and an Order, the Court declines to treat Kaigler's motion as an amended pleading at this late stage.

### B.

■ Even assuming that a motion is procedurally correct in this instance, the Court lacks jurisdiction to grant the relief Mr. Kaigler seeks. Although his motion cites two potential jurisdictional threads, Mr. Kaigler cannot tie either to this case. First, he asserts that this Court has original jurisdiction to hear the matter under 28 U.S.C. § 1346(a)(1). This is not wholly untrue. Section 1346(a)(1) grants district courts concurrent jurisdiction with the Court of Claims over civil actions to recover tax revenue "alleged to have been erroneously or illegally assessed or collected." It is well established, however, that

---

Mrs. Kaigler chose to proceed in this action *pro se*. Nevertheless, by signing a concurrence attached to each of Mr. Kaigler's filings, she has adopted the content of those documents as her own.

5. Procedurally, Mr. Kaigler could have avoided these form and timing defects by filing a

motion for supplemental pleadings under Fed.R.Civ.P. 15(d). This solution, however, would only have solved the procedural failings of the motion. As discussed below, the substance of Mr. Kaigler's motion prevents this Court from hearing the claim.

§ 1346(a)(1) does not apply *until the claimant satisfies 26 U.S.C. § 7422.*[6] Section 7422 requires taxpayers to file a refund claim with the IRS prior to any suit to recover tax assessments. In the Sixth Circuit, "a refund claim filed with the I.R.S. is a jurisdictional prerequisite to a refund action in the federal district court." *Firsdon v. United States,* 95 F.3d 444, 446 (6th Cir.1996). There is no record, or mention, of a refund claim being made in the instant action. Thus, Mr. Kaigler's attempt to secure a remedy under § 1346(a)(1) must be denied because the predicates of § 7422 have not been satisfied.

■ As an alternative to § 1346(a)(1), Mr. Kaigler argues that this Court has jurisdiction pursuant to 26 U.S.C. § 7426(a)(1). Unlike § 1346(a)(1), § 7426 allows a third person to file suit for wrongful levy of funds without filing a refund claim with the IRS.[7] The problem in this action is that the relevant third party, Edith Kaigler, did not file this claim. Instead, Mr. Kaigler is attempting to avail himself of § 7426 on his mother's behalf. Section 7426 expressly prohibits this course of action. In relevant part § 7426(a) reads:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (*other than the person against whom is assessed the tax out of which such levy arose*) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary (emphasis added).

Thus, while Mr. Kaigler correctly states that Edith Kaigler may have a wrongful levy action under § 7426, the remainder of the statute makes it clear that *he* is barred from filing that claim.

Despite these jurisdictional problems, Mr. Kaigler contends his claim should be an exception to the rule. Kaigler acknowledges that "the literal language of these pertinent statutes adhere [sic] to the general principle that a party taxpayer is prohibited from challenging the tax liabilities of others." (Mot. to Return Funds (Doc. 17) at 3.) He argues, however, that the "significant mischiefs by the IRS are sufficient to mitigate the burden on the principle that a party may not challenge the tax liability of another." (Mot. to Return Funds (Doc. 17) at 4.) Mr. Kaigler asserts that by [1] failing to name Edith Kaigler to this lawsuit, and by [2] failing to give her notice of the tax deficiency before filing a lien, the IRS disregarded the tax code. According to Mr. Kaigler, these alleged violations warrant an exception to the statutory language and sovereign immunity.

The Court disagrees. Nothing in the record indicates that the IRS "recklessly and intentionally disregarded the Internal Revenue Codes." Although Mr. Kaigler charges the IRS with violating two specific statutes, the Court finds that neither provision applies in this case. More important, even if the alleged violations occurred, they do not supplant the doctrine of sovereign immunity in favor of Mr. Kaigler. In short, there is no justification for treating Mr. Kaigler's motion as a special exception to clear statutes.

First, the IRS did not act recklessly in failing to name Edith Kaigler a party to this case. Citing 26 U.S.C. § 7403(b), Mr.

**6.** See, e.g., *Jorrie v. Imperial Inv. Co.,* 355 F.Supp. 1088, 1091 (W.D.Tex.1973) ("Section 7422 of the Internal Revenue Code of 1954 (26 U.S.C. § 7422) lists the requirements necessary before a civil suit for refund under the authority of Section 1346(a)(1) may be maintained. These statutory pronouncements must be taken in conjunction and are not, as plaintiffs would urge, separate waivers of sovereign immunity, each with different requirements.").

**7.** Section 7426(f) reads: "The provisions of section 7422(a) (relating to prohibition of suit prior to filing claim for refund) shall not apply to actions under this section."

Kaigler argues that Edith Kaigler should have been a party, and the IRS's failure to do so constitutes reckless violation of the tax laws. Section 7403(b), however, does not apply to the instant case. Rather, that section operates only in actions brought by the Attorney General under 26 U.S.C. § 7403(a) to enforce *a tax lien*. Here, the United States filed suit to reduce tax assessments to a judgment under § 7401, not to enforce a lien. Clearly, the IRS had no obligation to make Edith Kaigler a party to this action when the assessments in question were not made against her.

Alternatively, Mr. Kaigler argues that Edith Kaigler should have been served tax delinquency notices under 26 U.S.C. § 6212(a). Section 6212(a) authorizes the IRS to "send notice of such deficiency to the taxpayer by certified mail or registered mail." Because Edith Kaigler is not the deficient taxpayer in this case, the IRS was not authorized to serve her notice. The IRS certainly could not have "recklessly and intentionally disregarded the Internal Revenue Codes" by failing to serve Edith Kaigler pursuant to § 6212(a); they followed the tax code to the letter.

Lastly, Mr. Kaigler's allegations do not surmount the United States' best defense—sovereign immunity. It is axiomatic that "(t)he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)).

Mr. Kaigler fails to cite any authority showing that the United States waived sovereign immunity for the claims he raises. Regardless of the conduct of the IRS, the Court cannot imply a waiver of sovereign immunity from Mr. Kaigler's allegations. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).[8] Absent citing a specific statutory waiver of sovereign immunity, this Court is without jurisdiction to grant the remedy requested in Mr. Kaigler's motion. The combination of the exacting standard required to escape sovereign immunity and the absence of authority waiving immunity in favor of Mr. Kaigler leave this Court with no option but to also deny the motion for want of subject matter jurisdiction.

## III. Conclusion

The Court finds that the relief sought by Mr. Kaigler's motion is barred for the reasons detailed above. Accordingly, the Court *DENIES* the motion to return funds wrongfully seized from a third party (Doc. 17).

IT IS SO ORDERED.

---

8. *Cf. United States v. Tenn. Air Pollution Control Bd.,* 185 F.3d 529, 531 (6th Cir.1999) ("Any waiver of sovereign immunity must be 'unequivocally expressed in statutory text'" (quoting *Lane v. Peña,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996))). In fact, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane,* 518 U.S. at 192, 116 S.Ct. 2092; *Tenn. Air Pollution Control Bd.,* 185 F.3d at 531.